Strafford,
No. 4559.

VELMA H. SCAHILL, *Adm'x v.* ANDREW MINITER *& a.*

Argued April 2, 1957.
Decided May 23, 1957.

*Burns, Calderwood & Bryant* for the plaintiff, furnished no brief.

*Thomas E. Flynn, Jr., Paul A. Rinden* and *George P. Cofran* (*Mr. Cofran* orally), for the defendant Miniter.

*Joseph E. Michael, Jr.* (by brief and orally), for the defendant Jabre.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the defendant Corson.

DUNCAN, J. The only exceptions presently before this court are those of the defendant Miniter to the order permitting amendment of the motions of the other defendants to set aside the verdicts, and to the denial of Miniter's motion for judgment in his favor. By this transfer Miniter seeks to establish that the other defendants have no interest in the verdict in his favor, and no standing to question it.

In our opinion the exception to the denial of Miniter's motion for judgment on the verdict should be sustained. He relies upon *Beaule* v. *Weeks*, 95 N. H. 453, which in our judgment is controlling. The defendants Jabre and Corson seek to distinguish that case upon the ground that the pending action is a single one against the three defendants, and the writ alleges that the damages were caused by the negligence of the defendants "severally as well as jointly and concurrently, in operating" their vehicles. These circumstances do not suffice to alter the general propositions found to be applicable in the *Beaule* case and equally applicable in this one. If found causally negligent, all of the defendants "would be under a common liability for the single injury resulting to the plaintiff." *Beaule* v. *Weeks*, 95 N. H. *supra*, 458. But as in that case, his injury "would nevertheless be the product of action taken by the defendants separately, and neither in cooperation nor in concert . . . and verdicts against [all] would give rise to no rights or liabilities between the defendants, either for contribution or indemnity." *Ib*. Also as in the *Beaule* case, the plaintiff has not attacked the verdict in favor of the defendant, and his cause of action against Miniter is the only one which will be adjudicated by

judgment upon the Miniter verdict. It follows that the other defendants have no standing to attack that verdict.

It is true, as the defendants Jabre and Corson argue, that under the modern or more generally prevailing rule the Trial Court has discretion in appropriate circumstances to require a new trial as to all defendants where one is entitled to a new trial. But such discretion should be exercised only in cases where owing to "an interdependence of the rights of the defendants or because of other special factors, it would be prejudicial and inequitable to leave the judgment standing." *Chmielewski* v. *Marich,* 2 Ill. (2d) 568, 576. There is no evidence before us however to show that the liability of the several defendants was "so closely interwoven at the trial" (*Fabrizi* v. *Golub,* 134 Conn. 89, 99) that justice requires that all verdicts should stand or fall together. See *Plante* v. *Canadian Nat. Rys.,* 138 Me. 215, 224-226. The case has none of the features relied upon in the decided cases to warrant a new trial as to all defendants if any is entitled thereto — such as a right of indemnity, subrogation or contribution, or the imposition of punitive damages. Anno. 143 A. L. R. 7, 30-43. See *Continental Casualty Co.* v. *United States,* 167 F. (2d) 107. The rights of the defendants Jabre and Corson are unaffected by the question of whether any error contributed to produce the verdict for Miniter. If it did, only the plaintiff was in a position to complain and he did not choose to do so.

The defendant Miniter's exception to denial of his motion for judgment is sustained.

*Judgment for the defendant · Miniter.*

WHEELER, J., took no part in the decision; the others concurred.