Basil L. REED
v.
NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

Gordon E. GLIDDEN
v.
NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.
Civ. A. Nos. 1911, 1912.

United States District Court
D. New Hampshire.
Nov. 7, 1958.

---

3. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

James J. Kalled, Wolfeboro, N. H., for plaintiffs.

Burns, Calderwood, Bryant & Hinchey, Stanley M. Burns, Dover, N. H., for defendant.

CONNOR, District Judge.

In these actions, the plaintiffs sued the defendant New England Telephone and Telegraph Company for alleged negligence causing injuries resulting when a pole owned by the Telephone Company broke while the plaintiffs were working on it. The plaintiffs were employees of the Municipal Electric Department of the Village Fire Precinct of Wolfeboro, New Hampshire (hereafter called "Electric Department"), which was a joint occupier, together with the Telephone Company, of the pole in question. Counsel has indicated that the plaintiffs' employer is within the provisions of the Workmen's Compensation Law.

■ The Telephone Company, in both actions, now moves under Fed.Rules Civ. Proc. Rule 14, 28 U.S.C.A. to join the Electric Department as a third party defendant. The third party complaint denies that the Telephone Company is liable, alleges that the Electric Department is solely liable, and asks that the Electric Department assume the defense of the suit and indemnify the Telephone Company for any judgment rendered against it.

This motion is resisted on the grounds that there is no contribution or indemnity between joint tortfeasors, and that to allow a recovery against the Electric Department would violate the policy of the Workmen's Compensation Law, RSA chapter 281.

In view of the position here taken on the latter issue, there is no need to discuss the first, except obliquely in connection with an argument raised below.

■ As is generally known, the purpose of the Workmen's Compensation Law is to provide an employee injured in the scope of employment with a right to compensation, unimpeded by certain common law defenses or the necessity of proving fault. In return, however, the employee accepting the provisions of the Act must accept the limited compensation rates in lieu of a possibly larger common law verdict.

The policy of this law would be circumvented if the employee may obtain a possibly larger verdict from a third party, and if the third party is permitted to obtain indemnity from the employer. The result would be that the employee might ultimately obtain on account of his injuries an amount from his employer larger than that recoverable under the Workmen's Compensation Law.

Such a result would be contrary to RSA chapter 281:12, which provides that an employee covered by the chapter may waive his rights of action at common law to recover damages for personal injuries.

If the third party complaint alleged some independent tort or contractual liability to the defendant on the part of the Electric Department, it might state a cause of action. However, the Telephone Company alleges merely that the Electric Department, and not the Telephone Company, is liable to the plaintiffs. This is the sole reason for the request for indemnity.

■ One equitable consideration apparently in favor of the Telephone Company is that, if it is a joint tortfeasor with one who is not covered by the Workmen's Compensation Law, it may obtain indemnity from that other, but if it chances that the other is covered, it

may not. In reply to this argument, it may be said that in this state, there is no contribution or indemnity between joint tortfeasors unless they are in cooperation or concert. Scahill v. Miniter, 101 N.H. 56, 132 A.2d 140. If a third party plaintiff is acting in such cooperation or concert with the other tortfeasor as to allow indemnity or contribution, then presumably, though circumstances may be otherwise, he will have an opportunity to contract with the other tortfeasor for indemnity regardless of the Workmen's Compensation Law.

The majority of the cases have decided that the policy, or even express provisions, of the Workmen's Compensation Law of the various states would be circumvented if a tortfeasor were allowed to recover from an employer covered by the law on account of injuries suffered by an employee. Baird v. John McShain, Inc., D.C.1952, 108 F.Supp. 553; American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 1950, 182 F.2d 322; Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134; Hagans v. Farrell Lines, Inc., 3 Cir., 1956, 237 F.2d 477, 481; Douglas v. Detroit Edison Company, D. C.Mich.1956, 145 F.Supp. 1; Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784, 792; Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 1954, 215 F.2d 368; McCormick v. United States, D.C.Texas 1955, 134 F.Supp. 243; Baltimore Transit Co. v. State to Use of Schriefer, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460.

Apparently contrary is Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567, but this case has been distinguished by Judge Hand in Slattery v. Marra Bros., Inc., supra. Other cases allowing indemnity base the decision on a contractual agreement between the parties, Amador v. The Ronda, D.C.N.Y. 1956, 146 F.Supp. 617 or on an independ-

ent duty, Rich v. United States, 2 Cir., 1949, 177 F.2d 688. The decision of Judge Day in Whitmarsh v. Durastone Co., D.C.R.I.1954, 122 F.Supp. 806 may be readily distinguished on the ground that in that case, the tortfeasor alleged a contractual relationship with the employer. There is no such allegation in this case.[1]

The motions are denied.

Workmen's Compensation, there could be no common law liability to the father for consequential damages as a result of the son's injuries.

---

1. There is no case in point in New Hampshire. However, in Courage v. Carleton, 96 N.H. 348, 77 A.2d 111, it was held that where liability for a son's injuries were exclusively controlled by