Eugene **REVALLION**

v.

**A. R. HEBERT & SONS AUTO SALES, INC.**

Civ. A. No. 2368.

United States District Court
D. New Hampshire.
June 17, 1965.

Robert D. Branch, Sulloway, Hollis, Godfrey & Soden, Irving H. Soden, Concord, N. H., Schneider & Reilly, Boston, Mass., for plaintiff.

Devine, Millimet, McDonough, Stahl & Branch, Shane Devine, Booth, Wadleigh, Langdell, Starr & Peters, Philip G. Peters, Manchester, N. H., for defendant.

CONNOR, District Judge.

Plaintiff Revallion, an employee of John C. Tombarello & Sons, Inc., brought an action seeking to recover for injuries allegedly sustained while he was dismantling an automobile on defendant Hebert's premises. Now defendant Hebert seeks to implead Tombarello as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure. Hebert contends that its contract with Tombarello, under which Tombarello assertedly was to dismantle and remove certain automobiles from Hebert's premises at no further cost or obligation to Hebert, by implication confers on Hebert a right to indemnity for any amount which plaintiff Revallion may recover in his action.

It is true that absent a contract or other circumstances establishing a special relationship between them, Tombarello would not be answerable to Hebert for amounts recovered from Hebert by Revallion. Limitations on the right of contribution between joint tort-feasors, and the liability-limiting policies of applicable workmen's compensation laws would offer Tombarello a complete defense in such a case, and impleader of Tombarello would not be permitted. Reed v. New England Telephone & Telegraph Company, 175 F.Supp. 409 (D.C.N.H.1958).

But in this case, Hebert has alleged that a special relationship exists by implication from a contract between Tombarello and itself. As this allegation does not seem wholly without merit, the Court is disposed to grant Hebert's motion and permit service of the third-party complaint on Tombarello.

The grant of this motion in no way concludes the issue whether the Hebert-Tombarello contract will, as a matter of interpretation support the third-party claim for indemnity. That issue may be raised by Tombarello through an appropriate motion, if it so desires.

Defendant Hebert's motion to serve its third-party complaint on Tombarello is hereby granted.