Rockingham,
No. 5887.

WENTWORTH HOTEL, INC.

*v.*

F. A. GRAY, INC.

December 1, 1970.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* ( *Mr. Dufresne* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* and *Laurence E. Kelly* ( *Mr. Kelly* orally ), for the defendant.

DUNCAN, J. This action arises out of an accident which occurred on May 27, 1965 on premises owned by the plaintiff herein, when Stanley A. Todlowski was injured in the course of his employment by the defendant herein. He received workmen's compensation from F. A. Gray, Inc. and brought a common-law action against Wentworth Hotel, Inc., as permitted by the Workmen's Compensation Law. RSA 281:14. By the action presently before us, Wentworth seeks indemnity from Gray against any liability with which it ( Wentworth ) may be charged in Tod-

lowski's action against it. *See* Superior Court Rule 21; RSA 491: App. R. 21.

The defendant Gray's motion to dismiss, upon the ground that the writ brought by Wentworth states no cause of action, and upon the further ground that rule 21 does not permit joinder in such a case, was denied after hearing, by *Morris,* J. All questions of law presented by the defendant's exception to denial of this motion were reserved and transferred by the presiding justice.

The plaintiff's writ alleges, by a count in assumpsit, that Todlowski was injured while painting on the Wentworth premises, pursuant to an oral contract between Gray and Wentworth which gave rise to an implied warranty that the work would be performed in a careful and workmanlike manner; that Gray's breach of this warranty resulted in Todlowski's injuries; and that Gray should therefore answer to Wentworth for any damages for which Wentworth may be found liable to Todlowski.

A second count alleges negligence on the part of Gray in the performance of the work contracted for, including its failure to inspect the premises and report to Wentworth any defects discovered, and that by reason thereof Gray should be required to indemnify Wentworth against any liability to Todlowski.

In support of its exception the defendant Gray argues that the warranty alleged by the writ did not relate to the safety of Gray's employees, and that even if it can be construed to have done so, Wentworth cannot thereby be relieved of non-delegable duties imposed upon it as a property owner. The defendant further argues that its liability to its employee is limited to liability to pay workmen's compensation under RSA ch. 281, which cannot be extended to require indemnification of Wentworth against the latter's liability at common law to Gray's employee.

The authorities supporting a right to indemnification in circumstances such as are here presented are not unanimous. 101 C.J.S. Workmen's Compensation *s.* 982 ( c ) ( 1958 ). However we are satisfied that under the better view and upon the facts alleged, this third party action may properly be maintained.

While our Workmen's Compensation Law operates to deprive an injured employee of his "rights of action at common law" against his employer and the employer's insurer ( RSA 281:12 ( supp. ) ), it expressly preserves the employee's right to proceed against third persons in tort. RSA 281:14. *See Butler* v. *King,* 99 N.H. 150, 154, 106 A.2d 385, 388 ( 1954 ). Moreover it contains no provision comparable to that of the Federal

Longshoremen's and Harbor Workers' Act, and many state statutes providing that the liability of the employer for compensation "shall be exclusive" and in place of all liability to the employee "on account of such injury." 33 U.S.C.A. *s.* 905. *See* Annot., 2 A.L.R. Fed. 1014 ( 1969 ).

Hence our compensation law presents no obstacle to the maintenance of the employee's action at common law against Wentworth, or to the consequent action over by Wentworth against Gray. As has been pointed out, the mere conferral upon the employee of rights to compensation against the employer should not operate to deprive third persons of common-law rights against the employer which they may have as a result of breach by the employer of separate obligations to them. 2 Larson, Workmen's Compensation Law *s.* 76.52 ( Rel. No. 6 ). "[C]ommon-law rights are not to be deemed abrogated except by clear language." *Id. s.* 72.90, at 226.63 ( Rel. No. 5 ). *Cf. City of Sacramento* v. *Superior Court,* 205 Cal. App. 2d 398, 403-05 ( 1962 ).

The issue presented by the defendant's motion is whether the alleged contract between Wentworth and Gray would give rise to an obligation to Wentworth on the part of Gray to perform the work with due care and in a workmanlike manner, and thereby imply an obligation to indemnify Wentworth against liability suffered as a result of Gray's breach of contract.

While the defendant argues that as a joint tort-feasor it is not liable to contribution ( *See Scahill* v. *Miniter,* 101 N.H. 56, 57, 132 A.2d 140, 142 ( 1957 ) ), the plaintiff's claim is one for indemnification, not contribution, so that the issue of contribution is not properly before us. *See* 2 Larson, Workmen's Compensation Law *s.* 76.21 ( Rel. No. 6 ).

An increasing body of respectable authority supports the view that a contract for services gives rise to an independent obligation to the party to whom the services are owed which is separate from the duty owed to the contractor's employees or others who may suffer from his failure to perform the contract with reasonable care, and implies a duty to indemnify the other party to the contract against losses resulting from breach of the obligation to him. *Westchester Lighting Co.* v. *Westchester County S. E. Corp.,* 278 N.Y. 175, 15 N.E.2d 567 ( 1938 ); *Ryan Co.* v. *Pan-Atlantic Corp.,* 350 U.S. 124, 100 L. Ed. 133, 76 S. Ct. 232 ( 1956 ). *See Feliciano* v. *Compania Trasatlantica Espanola,* S.A., 411 F.2d 976 ( 1st Cir. 1969 ); *United Air*

*Lines Inc.* v. *Wiener,* 335 F.2d 379, 398-404 ( 9th Cir. 1964 ). *See also* 2 Larson, Workmen's Compensation Law *s.* 76.10, at 230 et seq ( Rel. No. 6 ), *ss.* 76.43, 76.43 ( d ); Annot., 97 A.L.R.2d 616, 624 ( 1964 ); Annot., 7 L. Ed. 2d 1071 ( 1949 ); 41 Am. Jur. 2d Indemnity *s.* 24 ( 1968 ). "It is difficult to see why there should be any conceptual obstacle to saying that when an employer negligently creates a dangerous condition in performing a service for a third party, he should indemnify the third party even if the third party was negligent to the extent of failing to discover the danger." 2 Larson, *supra s.* 76.43( d ), at 250.75 ( Rel. No. 6 ). *See* Restatement, Restitution *s.* 95 ( 1937 ); Restatement, Second, Torts *s.* 383 ( 1965 ); Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw. U.L. Rev. 351, 409, 411 ( 1970 ).

While the allegations of the second count of the writ are phrased in the language of tort rather than contract, they rely upon obligations alleged to have arisen out of the same oral contract declared upon in the first count, in assumpsit. Under either count, the basis alleged for recovery is the relationship of the parties created by the contract, so that consideration of a right to purely non-contractual indemnity is not presented. *Cf.* 2 Larson, *supra s.* 76.44 ( Rel. No. 6 ). *See Marine Terminals* v. *Shipping Co.,* 394 U.S. 404, 421, 22 L. Ed. 2d 371, 383-84, 89 S. Ct. 1144, 1153-154 ( 1969 ).

The views expressed by the *Westchester* and *Ryan* cases, *supra,* are consistent with earlier decisions of this court ( *Clark* v. *Railroad,* 87 N.H. 434, 437, 182 A. 175, 178 ( 1935 ) and cases cited; *Boston & Maine R.R.* v. *Sargent,* 72 N.H. 455, 463, 57 A. 688, 691 ( 1904 ) ), and support the order of the trial court denying the defendant's motion. *Revallion* v. *A. R. Hebert & Son Auto Sales, Inc.,* 248 F. Supp. 123 ( D.N.H. 1965 ). *See Aldrich* v. *Beauregard & Sons,* 105 N.H. 330, 331, 200 A.2d 14, 15 ( 1964 ). We are satisfied that the writ states a cause of action.

We have no difficulty in holding that the action before us is permitted by the third party practice rule of the superior court, under the first paragraph thereof. RSA 491: App. R. 21. *See* N.H. Judicial Council, Seventh Report 23 ( 1958 ). We cannot say, as the defendant herein urges, that the final paragraph of the rule, pertaining to a defendant who claims a third party to be "solely liable" or seeks to implead a joint tort-feasor against whom he has no right of contribution or reimbursement, is con-

trolling of this case, or inconsistent with the first paragraph of the rule, referred to above.

This is a case in which the defendant in the Todlowski action ( Wentworth ) claims that a third party ( Gray ) is liable for the claim made by Todlowski. *See* 3 Moore, Federal Practice *ss.* 14.03 - .04 ( 2d ed. ). We find no merit in the second ground alleged by the motion to dismiss. The order is

*Exception overruled.*

Lampron, J., did not sit; the others concurred.