**PRESS & SHEAR MACHINERY CORPORATION**

v.

**L. & J. PRESS CORPORATION.**

**Civ. A. No. 68–1718.**

United States District Court,
E. D. Pennsylvania.

April 16, 1971.

Jay Tolson, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff.

Harry Short, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Presently before the Court are plaintiff's motions for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

Plaintiff instituted this action on the theory that it was entitled to be indemnified for all sums of money paid by it in settlement of a personal injury claim on the ground that the defendant was primarily responsible for the injury which gave rise to the settlement. The jury found otherwise and in its answer to an interrogatory decided that neither the plaintiff nor defendant was primarily responsible for the accident but that they were jointly responsible.

The evidence adduced at trial established that the defendant designed and manufactured a punch press which it sold to the plaintiff "as is". The press, when sold, was unsafe as it did not contain a pedal guard which would protect the press from accidental activation. The defendant offered to sell this additional equipment to the plaintiff who refused to purchase same. The plaintiff, in the course of its business resold the press. Again the sale was made sans a pedal guard. There is no question but that the plaintiff recognized the necessity by the fact that it suggested to the buyer that it was able to sell the attachment. However, the purchaser assured the plaintiff that it would install the necessary safety device and thus the sale was consummated. Eventually the press was sold to the International Metal Company. Edward Burgese, an employee of International, was operating the machine when a piece of metal stock fell from the press-working table and struck the actuating pedal, which was not protected by a safety guard. This caused the machine to operate and the press caught and crushed Burgese's left hand. Burgese sued the instant plaintiff and defendant in separate actions. Both parties, independently settled with Burgese. Hence this action.

Under the law of Pennsylvania in order to recover indemnity where there has been a voluntary payment, it must appear that the party paying was himself legally liable and could have been compelled to satisfy the claim. Tugboat Indian Company v. A/S Ivarans Rederi, 334 Pa. 15, 21, 5 A.2d 153 (1939), cited with approval in Martinique Shoes, Inc. v. New York Progressive Wood Heel Company, 207 Pa.Super. 404, 408, 217 A.2d 781 (1966).

The jury was afforded the opportunity to determine this question and in answer to interrogatory No. 1 decided that the plaintiff was justified in settling the suit brought by Burgese against the plaintiff.

With this in mind we turn to an evaluation of the plaintiff's contention that the Court must, as a matter of law, determine that the defendant was primarily liable for the injuries sustained by Burgese. We disagree.

In our opinion the evidence clearly supported the jury's finding that both the plaintiff and defendant were

negligent. In arriving at our decision we carefully considered the principles of law enunciated in Webb v. Zern, 422 Pa. 424, 427, 220 A.2d 853 (1966); Builders Supply Company v. McCabe, 366 Pa. 322, 77 A.2d 368 (1951); Burbage v. Boiler Engineering & Supply Company, Inc., 433 Pa. 319, 249 A.2d 563 (1969); Tromza v. Tecumseh Products Co., 378 F.2d 601 (3d Cir. 1967); Quinones v. Township of Upper Moreland, 293 F.2d 237 (3d Cir. 1961); Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 171 A.2d 185 (1961); Fisher v. United States, 299 F.Supp. 1 (E.D.Pa.1969). The precedents cited above have established that:

" * * * The right of indemnity rests upon a difference between primary and the secondary liability of two persons each of whom is made responsible by law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable". Fisher v. United States, supra at 19.

This leads us to the dispositive issue in this case i. e. was the plaintiff a joint participant in the events which caused the injury to Burgese. Comment (a) to section 95 of the Restatement of the Law states:

"If, however, the payor not only knew of the condition but acquiesced in its continuance, he becomes in effect, a joint participant with the other in the tortious conduct and hence is barred from indemnity".

The testimony clearly demonstrated that the plaintiff purchased a product which it knew was in a defective condition which could or would be unreasonably dangerous to a user or consumer. It is undisputed that the plaintiff was a professional buyer. It is uncontradicted that plaintiff permitted this press to enter into the field of commerce. We hold that the unassailable proven facts bring the plaintiff within the orbit of the holding in the case of Pennsylvania Railroad Company v. Erie Avenue Warehouse Company, 302 F.2d 843, 848 (3d Cir. 1962) in which case the Court observed:

"Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition * * * which was created by the misconduct of the other or which, as between the two, it was the others duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, *unless after discovery of the danger, he acquiesced in the continuance of the condition*". (Emphasis supplied).

There is no doubt that the plaintiff had specific knowledge of the dangerous condition of the press and by selling the press without a pedal guard he acquiesced in the continuance of the unreasonably dangerous condition.

Having considered and found each of the plaintiff's grounds for judgment n. o. v. and for a new trial wanting in merit, the motions will be denied.