Belknap,
No. 6203.

SEARS, ROEBUCK & COMPANY *v.* A. C. PHILIP, JR.

July 31, 1972.

*McLane, Carleton, Graf, Greene & Brown* and *James R. Muirhead* (*Mr. Muirhead* orally) for the plaintiff.

*Nighswander, Lord, Martin & KillKelley* (*Mr. David J. KillKelley* orally) for the defendant.

*Devine, Millimet, Stahl & Branch* and *E. Donald Dufresne,* for Ethel M. and John B. O'Donnell, filed no brief.

KENISON, C.J. This is a proposed third-party action under Rule 21 of the Superior Court Rules of Civil Procedure, RSA 491:App. R.21, by Sears, Roebuck & Company against A. C. Philip, Jr. The only question presented is whether the claimant's injury resulted from any breach of Philip's contract with Sears which would give rise to an implied agreement by Philip to indemnify Sears for any damages assessed against it in the main action.

The case arises as a result of suits instituted against Sears by Ethel M. and John B. O'Donnell for injuries suffered by Mrs. O'Donnell in a fall at the Sears store in Laconia, New Hampshire, on March 22, 1968. It is the claim of the O'Donnells that Sears was negligent in failing to use due care to keep the premises in a reasonably safe condition. This alleged negligence consisted of: (1) Keeping the floors in a highly waxed and slippery condition; (2) Failing to provide mats on either side of the entry doors so that water was tracked by customers beyond the entries; and (3) Allowing water to accumulate on a floor which was already dangerously slippery.

A. C. Philip, Jr., is an independent contractor who had contracted with Sears to clean and wax the floors of the Laconia store. In this action, Sears contends, "[T]hat insofar as it is claimed . . . that Sears, Roebuck & Co. is at fault in any way . . ., such fault, if any, was based upon and due to the defendant's (Philip) negligent and improper waxing of the floor . . . ." and if it is held liable, Philip will be liable over to it for the amount of damages suffered. Philip filed a motion to dismiss and a hearing was held on Sears' third-party claim in the Superior Court (*Keller*, C.J.). The motion to dismiss was subsequently denied and an exception was seasonably taken. The question of whether the third-party action should be allowed was reserved and transferred.

The nature of the third-party practice here sought to be utilized has been described as follows: "It is important at the outset to note that third-party practice, and particularly the practice provided for in Rule 14 [the Federal Rules of Civil Procedure equivalent to Superior Court Rule 21], is procedural. Rule 14 does not 'abridge, enlarge, nor modify the substantive rights of any litigant.' It creates no substantive rights. Thus unless there is some substantive basis for the third-party plaintiff's claim he cannot utilize the procedure of Rule 14. The Rule does not establish a right of reimbursement, indemnity, nor contribution; but where there is a basis for such right Rule 14 expedites the presentation, and in some cases accelerates the accrual, of such right." 3 Moore, Federal Practice para. 14.03 [1], at 491 (2d ed. 1968) (citations omitted); *see* James, Civil Procedure *s.* 10.20, at 505 (1965). It should also be noted that allowance of a motion for impleader within rule 21 rests within the sound discretion of the court. 3 Moore, *supra* para. 14.05, at 503; 6 Wright and Miller, Federal Practice and Procedure *s.* 1443, at 207 (1971).

In support of its position, Sears places reliance upon Restatement of Restitution *s.* 95 (1937), cited with approval by this court in the recent case of *Wentworth Hotel, Inc.* v. *F.A. Gray, Inc.*, 110 N.H. 458, 272 A.2d 583 (1970). It states: "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which

was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the conditon." Restatement of Restitution *s.* 95, at 415 (1937).

Comment *a* states in part, "The rule is also applicable to situations in which a person has a non-delegable duty with respect to the condition of his premises but has entrusted the performance of this duty to a third person, either a servant or an independent contractor .... In all of these situations the payor [Sears] is not barred by the fact that he was negligent in failing to discover or to remedy the defect as a result of which the harm was occasioned ...." *Id.* at 416.

Restatement of Restitution *s.* 95 (1937) purports to state a commonly recognized exception to the rule stated in Restatement of Restitutions *s.* 102 (1937), followed in New Hampshire at the time this action arose (*see Scahill* v. *Miniter,* 101 N.H. 56, 132 A.2d 140 (1957)), forbidding contribution or indemnity between or among joint tort-feasors. *See* Prosser, Torts *s.* 50, at 305 (4th ed. 1971).

Sears' right to indemnity is dependent upon its being found liable to the O'Donnells. *See* 3 Moore, *supra* para. 14.08, at 531. Likewise, to go forward in this third-party proceeding, there must be some showing under applicable law that Philip would be liable to Sears. *Id.* para. 14.10, at 551; 6 Wright and Miller, Federal Practice and Procedure *s.* 1451, at 279 (1971).

The essential elements of the O'Donnells' complaints have been previously set forth. Sears claims a right to indemnity from Philip only if it is held responsible to the O'Donnells upon a finding that the floor was dangerously slippery due to the waxing and/or because a combination of the slippery floor and the accumultion of water tracked in by customers was the proximate cause of the injuries.

Philip claims that Sears' proposed third-party action against it is based on a tort claim of "failure to keep the premises in a reasonably safe condition" and to permit impleader would contravene the common-law rule against the allowance of contribution among joint tort-feasors. *Scahill* v. *Miniter supra.*

We do not perceive that tort theory is the basis alleged for recovery. Sears clearly claims an implied right to indemnity which springs from its contract with Philip to clean and wax its floors, and no claim to a right to purely noncontractural indemnity is presented. *See Wentworth Hotel, Inc.* v. *Gray supra.*

Upon this theory, if Sears incurs liability based on proof of the allegations of negligence contained in part (1) of the O'Donnells' complaint, and it is found that Sears had not discovered and acquiesced in the continuation of the condition, then its liability would be based solely on its nondelegable duty as occupier of the premises and it would be entitled to indemnity from Philip, who would be solely responsible for the creation of the condition. Restatement of Restitution *supra;* Prosser, *supra s.* 51, at 310; *see Wentworth Hotel, Inc.* v. *Gray supra; Pittsfield Cottonwear Mfg. Co.* v. *Pittsfield Shoe Co.,* 71 N.H. 522, 53 A. 807 (1902).

If it should be determined, however, upon the trial of this action, that Sears is liable for negligence to the O'Donnells as they have alleged in part (3) of their complaints, it is our opinion that there is no right of Sears to indemnity from Philip for any loss which it incurs in the main action. Under the allegations of negligence in this part of the complaint, the O'Donnells must establish that Sears had actual notice of the condition alleged to have resulted in injury or that the condition existed for such a length of time that in the exercise of ordinary care Sears should have known of it and taken action to remedy it. Annot., 62 A.L.R.2d 6, *s.* 7(a), at 33 (1958). This requirement differs from that imposed on the O'Donnells as regards proof of the allegations of negligence in part (1) of the complaint as there Sears would be liable as a matter of law even absent proof of notice. *Id.* at 31; *Pittsfield Cottonwear Mfg. Co.* v. *Pittsfield Shoe Co. supra; see* Restatement (Second) of Torts s. 364(b) and comment (*i*) (1965). The question of actual notice under the allegations of part (1), though unrelated to Sears' liability to the O'Donnells, is relevant in the determination of Sears' right to indemnity from Philip. Restatement of Restitution *supra.*

Proof sufficient to hold Sears liable to the O'Donnells under part (3) is also sufficient to establish that Sears has been

responsible for more than a mere failure to discover or remedy a danger created by another. Prosser, Torts, *supra* at 312; *see* Restatement (Second) of Torts *s.* 886B, at 7 (Tent. Draft No. 18, 1972). Liability under this part is predicated upon proof that Sears allowed water to be tracked into the store from outside which "created an even more dangerous situation upon the already dangerously slippery floors." Sears would be responsible for the collection of the water even if it is established that the floor was negligently maintained by Philip and Sears did not have actual notice thereof. Proof of the interaction of both factors is necessary to establish liability under this part, and if so established, Sears could be held accountable for more than "a fault that is imputed or constructive only." *Builder's Supply Co.* v. *McCabe,* 366 Pa. 322, 328, 77 A.2d 368, 371 (1951), 24 A.L.R.2d 319 (1952). Under these circumstances, Sears would not be able to shift responsibility for its loss to Philip, as it might do under the allegations of part (1) of the main complaint if it is held liable thereunder as a matter of law, because its liability to the O'Donnells under part (3) is dependent upon a showing that it was on actual notice of a circumstance which substantially contributed to the creation of a condition on the premises which resulted in injury. Sears' status if the elements of part (3) are made out would be that of a joint tort-feasor not entitled to contribution under the controlling precedent of *Scahill* v. *Miniter, supra,* and not within the exception to the rule of that case created by Restatement of Restitution, *supra.*

*Remanded.*