Hillsborough
No. 6675

LUCIENNE MORRISSETTE

v.

SEARS, ROEBUCK & COMPANY

June 28, 1974

*Devine, Millimet, Stahl & Branch* (*Mr. Shane Devine* orally) for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James C. Wheat* (*Mr. Wheat* orally) for the defendant.

DUNCAN, J. In 1973 Doris Morrissette Przybyla was a tenant of her sister-in-law, Lucienne Morrissette, plaintiff in the present third-party action, in premises in Nashua owned and partly occupied by Lucienne. Allegedly one of the terms of the tenancy was that the tenants should mow the lawn. On June 22, 1963, Doris Przybyla was injured while operating a rotary lawn mower furnished by Lucienne on the leased premises. The mower had been purchased from defendant Sears, Roebuck & Company by Lucienne's husband in 1961. On May 15, 1969, Doris Przybyla brought a negligence action against Lucienne Morrissette. Lucienne Morrissette, in turn, brought the present third-party action over against Sears with counts in negligence, warranty, and strict liability. Super. Ct. Rule 25, RSA 491:App. R.25 (Supp. 1973).

Trial of both actions commenced May 22, 1972. Counsel for Doris Przybyla made his opening statement, called his client to the stand, and interrogated her for approximately one-half hour. At this point a recess was called and the action of Przybyla against Morrissette was settled by a covenant not to sue. The Court, *Loughlin,* J., declined to proceed with trial of this third-party action by Morrissette against Sears, and reserved and transferred to this court five questions of law considered below.

"1. Where a defendant settles a claim with a plaintiff on the basis of only a negligence count in the plaintiff's writ (being the only count brought by the plaintiff against the defendant) is the defendant in a third-party action limited in such action to a count of negligence against the third-party defendant; or can the third-party plaintiff expand his action against the third-party defendant by including counts in strict liability, implied warranty and express warranty?"

Sears concedes that the concept of third-party practice requires that the third-party plaintiff be permitted to expand her pleadings beyond the single count contained in the original complaint against her. This view is consistent with the purpose of the rule to consolidate as many claims as possible in one proceeding, and the answer is that the third-party plaintiff may include additional counts in the action over. Super. Ct. Rule 25, RSA 491:App. R.25 (Supp. 1973); *see* Fed. R. Civ. P. 14; 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1452 (1971); 3 J. Moore, Federal Practice §§14.04, 14.07 (1974). The defendant Sears however does not concede the third-party plaintiff's right to maintain her claim of breach of warranty.

"2. If the third-party plaintiff is limited in his third-party action to a negligence count, should such third-party action be dismissed on the ground that there is no contribution between joint tortfeasors?"

Since the third-party plaintiff may expand her action against Sears to include counts not included in the original action, this question may not require an answer. It should be noted however, that rule 25 neither creates nor modifies substantive rights in the parties. Super. Ct. Rule 25, RSA 491:App. R.25 (Supp. 1973). Thus the substantive law relat-

ing to contribution among joint tort-feasors (*Scahill v. Miniter*, 101 N.H. 56, 132 A.2d 140 (1957)) may be applicable to third-party actions as to any other actions. *Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 294 A.2d 211 (1972); *see Buttrick v. Lessard*, 110 N.H. 36, 260 A.2d 111 (1969); *Stephan v. Sears, Roebuck & Co.*, 110 N.H. 248, 266 A.2d 855 (1970). However as *Sears, Roebuck & Co. v. Philip supra* indicates, under some circumstances if it should appear that the third-party plaintiff Morrissette was herself causally negligent, she could not shift responsibility to the third-party defendant Sears.

"3. In the third-party action, can the third-party defendant attempt to show contributory negligence on the part of the original plaintiff?

"4. In the third-party action, what is the burden of proof of the third-party plaintiff? Must the third-party plaintiff prove the amount of the original settlement; that he was liable and had a duty to settle the original claim and that such settlement was reasonable?"

Questions three and four are interrelated and may be considered together. Question four outlines a third-party plaintiff's burden of proof in an action for indemnity where the original action has been settled. A right to "[i]ndemnity arises where one is legally required to pay an obligation for which another is primarily liable. In actions of tort it can arise only where one who, without [active] fault on his part, has been compelled by a legal obligation to pay an injured party for injuries caused by active fault of another." *Merck & Co. v. Knox Glass, Inc.*, 328 F. Supp. 374, 376-77 (E.D. Pa. 1971); *Burbage v. Boiler Eng'r and Supply Co.*, 433 Pa. 319, 249 A.2d 563 (1969); *DiGregorio v. Champlain Valley Fruit Co.*, 127 Vt. 562, 255 A.2d 183 (1969). While a prejudgment payment in settlement does not extinguish a right of indemnity (*Globe Indem. Co. v. Schmitt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944)) the third-party plaintiff must show that the settlement was made under legal compulsion, rather than as a mere volunteer, for indemnity is not available for payment voluntarily made. *Suvada v. White Motor Co.*, 32 Ill. 2d 612, 210 N.E.2d 182 (1965); *United Boatbuilders, Inc. v. Tempo Prods. Co.*, 1 Wash. App. 177, 459 P.2d 958 (1969); *Aetna Freight Lines, Inc. v. R.C. Tway Co.*, 352 S.W.2d 372 (Ky. 1961).

The parties agree that third-party plaintiff, Morrissette, must make some showing that she settled under a legal compulsion. The conflict surrounds the scope of her burden in this area. Sears argues that she must prove "*actual* liability" on her part to Pryzbyla, in effect forcing her to try out the case of the original plaintiff. As plaintiff herein, Morrissette argues that she need only show "*probable* liability". The problem has been considered with varying results. Some courts support Sears' view. "While the fact of voluntary payment does not negative the right to indemnity, legal liability, *i.e.,* proof by a preponderance of the evidence of the obligation . . . that cannot be resisted is a fundamental prerequisite to recovery by an indemnitee who has made a voluntary payment." *Cason v. Geis Irrigation Co.,* 211 Kan. 406, 413, 507 P.2d 295, 300 (1973); *see also United Boatbuilders, Inc. v. Tempo Prods. Co.,* 1 Wash. App. 177, 459 P.2d 958 (1969). Some cases adopt a less precise statement that one voluntarily paying a claim "should be required to show that he was legally liable for it." *Ashland Oil & Refining Co. v. General Tel. Co.,* 462 S.W.2d 190 (Ky. 1970); *see Press & Shear Mach. Corp. v. L & J Press Corp.,* 326 F. Supp. 483 (E.D. Pa. 1971); 41 Am. Jur. 2d *Indemnity* § 33 (1968).

Other cases say that the third-party plaintiff must "establish potential liability" but need not prove the case against himself. *St. Paul Fire & Marine Ins. Co. v. Michelin Tire Corp.,* 12 Ill. App. 3d 165, 298 N.E.2d 289 (1973).

If a third-party plaintiff is not to be discouraged from making a settlement his burden in an action for indemnity must not be too great. He would in effect be forced to proceed to trial against the original plaintiff in order to achieve the burden imposed by the court in *Cason v. Geis Irrigation Co.,* 211 Kan. 406, 413, 507 P.2d 295, 300 (1973), and would find settlement to little advantage. On the other hand, equitable considerations require that the third-party defendant have a reasonable opportunity to show that the third-party plaintiff was not liable to the original plaintiff but paid the claim as a volunteer.

In the case before us, it appears that Morrissette's tender to Sears of the defense of the original action by Przybyla was declined, and that consolidation for trial of the third-

party action with the original tort suit was subsequently ordered by denial of Sears' motion for separate trial. Morrissette asserts in her brief that Sears was also afforded an opportunity to participate in the proposed settlement, but chose to leave the matter to Morrissette and therefore should be bound by her action. *Crawford v. Pope & Talbot Inc.*, 206 F.2d 784 (3d Cir. 1935). While Sears concedes that having declined to participate in the original action it would be bound by any judgment rendered (*Lamberton v. Dinsmore*, 75 N.H. 574, 78 A. 620 (1910)), it asserts that in fact it participated in the partial trial of that action, and now seeks only to preserve its right to a hearing on relevant issues, including that of the contributory negligence of the plaintiff Przybyla which was foreshortened by the compromise settlement. Whether Sears was tendered an opportunity to approve of the proposed settlement, or in the alternative to assume defense of the action, does not appear.

The solution of the "actual-versus-potential problem" advanced by the court in *Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir. 1973) strikes us as logical, equitable, and worthy of adoption here. The court there quoted from *Jennings v. United States*, 374 F.2d 983, 986 (4th Cir. 1967) as follows: "The indemnitee's unilateral acts, albeit reasonable and undertaken in good faith, cannot bind the indemnitor; notice and an opportunity to defend are the indispensable due process satisfying elements." The court in *Parfait* then continued: "If the indemnitor approves the settlement or defends unsuccessfully against the original claim, he cannot later question the indemnitee's liability to the original claimant. If the indemnitor declines to take either course, then the indemnitee will only be required to show potential liability to the original plaintiff in order to support his claim over against the indemnitor." 484 F.2d at 305. In the event that no offer is made to the indemnitor to either approve or defend, then the indemnitee should have the burden of showing actual liability to the original plaintiff. *See Whisenant v. Brewster-Bartle Offshore Co.*, 446 F.2d 394 (5th Cir. 1971); *Chicago, R.I. & P.R. Co. v. Dobry Flour Mills*, 211 F.2d 785 (10th Cir. 1954); *Tankrederiet Gefion A/S v. Hyman Michaels Co.*, 406 F.2d 1039 (6th Cir. 1969).

Accordingly the answer to question four is that if it appears

that Sears was not afforded the alternative of participating in the settlement or conducting the defense, then Morrissette will have the burden of establishing her actual liability to Przybyla rather than the lesser burden of showing potential liability. In either event, the reasonableness of the amount of the settlement must be established by Morrissette.

Question three is whether Sears "can . . . attempt to show contributory negligence on the part of [Przybyla]". It is settled that contributory negligence was a defense to the original action. RSA 507:8; *see Buttrick v. Lessard & Sons, Inc.,* 110 N.H. 36, 260 A.2d 111 (1969); *Stephan v. Sears, Roebuck & Co.,* 110 N.H. 248, 266 A.2d 855 (1970). We consider that it is likewise a defense available to Sears in this third-party action and answer the third question, "Yes". The question whether the burden of showing Przybyla's contributory negligence should fall upon Sears or the burden of showing the absence of it should fall upon Morrissette may be more difficult. The latter's burden of proving either actual or potential liability in order to justify the settlement would encompass the burden of showing the absence or weakness of any defense of Przybyla's contributory negligence. Hence in the indemnification action before us the burden of proving contributory negligence on the part of either Przybyla, or of Morrissette personally (*see Marcotte v. Peirce Constr. Co.,* 111 N.H. 226, 280 A.2d 105 (1971)) ought to rest upon Sears; and we so hold.

"5. Where the Statute of Limitations on warranty has run as against the original plaintiff, has it also expired as to the third-party plaintiff?"

Since the third-party action for indemnity was brought on May 1, 1970, it is obvious that the statute of limitations has not run against the third-party plaintiff's claim for indemnification against loss by reason of the compromise settlement of her liability made on May 22, 1972. The liability originally alleged by Przybyla and later compromised was a liability for negligent conduct in supplying a defective mower. If however Morrissette had then been subject to potential liability by reason of Sears' breach of warranty, even though not then the subject of suit, that liability could have constituted a consideration entering into the reasonableness of the settlement.

The plaintiff Morrissette suggests that since the original action was brought on May 15, 1969, and within six years of the date of injury which was June 22, 1963, it was brought within the limitation of six years imposed by RSA 508:4. It is her position that this statute rather than the four-year limitation of the Uniform Commercial Code (RSA 382-A:2-725) applied, because the machine was purchased from Sears in 1961. This argument appears to overlook the authorities under the Sales Act which preceded the Uniform Commercial Code, holding that only an immediate purchaser could maintain an action for breach of warranty. *Hazelton v. First National Stores, Inc.,* 88 N.H. 409, 190 A. 280 (1937); *Russell v. First National Stores, Inc.,* 96 N.H. 471, 79 A.2d 573 (1951).

The Uniform Commercial Code became effective July 1, 1961. RSA ch. 382-A. While under its provision the plaintiff Przybyla might have been competent to maintain an action upon the warranty (*see Murray v. Bullard Co.,* 110 N.H. 220, 224, 265 A.2d 309, 313 (1970); RSA 382-A:2-318)) the Uniform Commercial Code provides that a cause of action for breach of warranty accrues at the time of delivery regardless of the time when the breach is discovered. RSA 382-A:2-725 (2). Hence by the time Przybyla brought her negligence action in 1969, any action for breach of warranty was barred by the statute. RSA 382-A:2-725 (1).

It follows that since no claim based upon warranty was enforceable when the Przybyla suit was compromised, any claim for indemnification by the plaintiff Morrissette sounding in warranty, whether in her own right, or because of her settlement with Przybyla, was unenforceable: either because under the Sales Act no cause of action arose, or because under the Uniform Commercial Code any such cause of action was barred by the statute of limitations. As applied to this case, the fifth question is answered in the affirmative.

Insofar as the plaintiff Morrissette claims indemnification arising out of her liability to Przybyla in tort or in strict liability, her claim is not barred by limitation. Such a right of action cannot be barred before it comes into existence and her right to indemnity did not accrue until the settlement was made. *Read Drug and Chem. Co. v. Colwill Constr. Co.,* 250 Md. 406,

243 A.2d 548 (1968); *McGlone v. Corbi,* 59 N.J. 86, 279 A.2d 812 (1971); *see D'Onofrio Constr. Co. v. Recon Co.,* 255 F.2d 904 (1st Cir. 1958). "[T]he statute of limitations cannot possibly start to run on an indemnity claim until the party seeking indemnification suffers a loss." *United States v. Farr & Co.,* 342 F.2d 383, 387 (2d Cir. 1965); *Wolverine Ins. Co. v. Tower Iron Works, Inc.,* 370 F.2d 700 (1st Cir. 1966); Annot., 20 A.L.R.2d 925, 927 (1951); 3 L. Frumer & M. Friedman, Products Liability § 44.09 (1968).

*Remanded.*

All concurred.