Grafton
No. 7061

WILLIAM H. FIELD COMPANY, INC.

v.

NUROCO WOODWORK, INC.

C. O. PORTER MACHINERY COMPANY

v.

NUROCO WOODWORK, INC.

SECURITY INSURANCE COMPANY

v.

NUROCO WOODWORK, INC., & a.

November 28, 1975

*Sheehan, Phinney, Bass & Green* and *Claudia C. Damon (Ms. Damon* orally) for the plaintiff William H. Field Company, Inc.

*Hall, Morse, Gallagher & Anderson* and *Robert E.K. Morrill (Mr. Morrill* orally) for the plaintiff C. O. Porter Machinery Company.

*Devine, Millimet, Stahl & Branch* and *William S. Gannon* and *E. Donald Dufresne (Mr. Dufresne* orally) for the defendant Nuroco Woodwork Company, Inc., and for plaintiff Security Insurance Company.

GRIMES, J. The issues in this case, transferred on an agreed statement of facts, are (1) whether motions to dismiss third-party actions by the manufacturer and the distributor of a hydraulically actuated cut-off saw against the employer of an injured workman covered by workmen's compensation, who with his wife has brought suit against these plaintiffs for personal injuries and loss of consortium, should be granted and (2) whether coverage is afforded the employer under a general liability policy issued by Security Insurance Company with respect to these third-party actions. Two questions to resolve these issues were transferred by *Johnson, J.*

Edward Peterson, while in the employ of Nuroco Woodwork, Inc., was injured on a Hydra-Cut saw on May 13, 1969. He has received workmen's compensation from Security Insurance Company, Nuroco's insurer. Peterson brought suit against C. O. Porter Machinery, Inc., the manufacturer of the saw, and William H. Field Company, Inc., the distributor, to recover for personal injuries, and his wife Shirley sued the same defendants to recover for loss of consortium. These actions are based on negligence, strict liability and warranty.

Porter and Field instituted third-party actions against Nuroco claiming negligence on Nuroco's part in damaging the guard on the saw, failing to obtain a replacement, making ineffective repairs and operating the machine without a guard after another break of the guard. Porter and Field in substance claim that if they are liable to the Petersons, Nuroco is liable to them. This claim is based on contentions that Nuroco's negligence was either the sole cause or was primary, gross and wanton in comparison with their negligence, if any, and that Nuroco owed a duty to Porter and Field to operate the machine properly.

We find no basis for indemnification of Porter and Field by Nuroco with respect to the claims of either Edward or Shirley. Although in *Wentworth Hotel v. Gray, Inc.*, 110 N.H. 458, 272 A.2d 583 (1970) and *Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 294 A.2d 211 (1972), third-party plaintiffs were allowed indemnity, the basis was an implied obligation on the part of a contractor to indemnify the owner for damages resulting from the contractor's failure to perform the work with due care and in a workmanlike manner.

In the case now before us, there is no express or implied warranty flowing from Nuroco to Porter and Field and there is no duty owed by Nuroco to them as to the manner in which the saw was to be used. No duty flows upstream from the purchaser to the manufacturer. Misuse of the product may be a good defense for the manufacturer, but it does not furnish a basis for indemnity. 3 L. Frumer & M. Friedman, Products Liability § 44.02 [3] (d) (1975).

In *Morrissette v. Sears, Roebuck & Co.*, 114 N.H. 384, 387, 322 A.2d 7, 9 (1974), it was mentioned that the right to indemnity may arise where one is legally required to pay an obligation for which another is primarily liable and that in actions of tort it can arise only where one who, without fault on his part, has been compelled by a legal obligation to pay an injured party for injuries caused by fault of another. Porter and Field gain no support from this however. Liability on their part, if any, even in strict liability would not be based on any legal requirement that they pay for damages resulting from the negligence of Nuroco but rather on their own liability based on a defect in the saw.

Under the principle referred to in *Morrissette*, it is only when the negligence of the indemnitor has caused constructive or derivative liability to be imposed on the indemnitee that liability for indemnity arises. In this case, nothing Nuroco did or failed to do could impose any constructive or derivative liability on Porter or Field. Their liability to the Petersons, if any, is primary. *McClish v. Niagara Machine & Tool Works*, 266 F. Supp. 987, 990-91 (S.D. Ind. 1967); Annot., 28 A.L.R.3d 943, 950-55, 981-88 (1969, Supp. 1974).

The question of contribution arises only in the event there are joint tort-feasors. Because of the Workmen's Compensation Act (RSA 281:12 (Supp. 1973)), Nuroco cannot be held liable in tort to Edward Peterson. *Brooks v. Legasse Amusement Co.*, 111 N.H.

126, 127-28, 276 A.2d 480, 481-82 (1971); *Archie v. Hampton,* 112 N.H. 13, 15, 287 A.2d 622, 624-25 (1972). It cannot then be a joint tort-feasor with Porter and Field. W. Prosser, Law of Torts § 50, at 309 (4th ed. 1971). The third-party claims based on the alleged right to contribution between joint tort-feasors cannot prevail.

Prior to 1971 Shirley had a cause of action in her own right against her husband's employer. *LaBonte v. Nat'l Gypsum Co.,* 110 N.H. 314, 269 A.2d 634 (1970). In 1971, following *LaBonte,* an amendment to RSA 281:12 provided that a spouse of an employee would have no right of action against the employer for consequential damages. The question whether this amendment would bar Shirley's right of action against Nuroco for the 1969 accident has not been briefed or argued in this case. We do not need to decide that issue here since, whether it applies or not, we hold that there is no right to contribution or indemnity.

If Shirley's right against Nuroco is barred, then she stands in the same situation as Edward, and Nuroco could not be a joint tort-feasor. If her right of action against Nuroco has not been barred, then Nuroco could be a joint tort-feasor only if there were some way the facts could support a verdict against it and also against Porter and/or Field. We can see no way, however, on the allegations of Porter and Field that they could be held jointly liable with Nuroco if the allegations of their writs are found to be true. Such findings would be a complete defense and they could not then be joint tort-feasors.

Even if by amendment the third-party plaintiffs should make allegations of joint liability with Nuroco, they may not obtain contribution. Whatever rights joint tort-feasors acting in concert or cooperation may have to contribution, if any *(Scahill v. Miniter,* 101 N.H. 56, 132 A.2d 140 (1957)), these parties cannot be found to have so acted. Porter's and Field's negligence, if any, would result from action taken independently from Nuroco. Therefore, there would be "no rights or liabilities between them for contribution or indemnity." *Id.* at 57, 132 A.2d at 142. *See also. Morrissette v. Sears, Roebuck & Co. supra.* Nor do we see how the third-party plaintiffs can bring themselves within the rule of *Nashua Iron and Steel Company v. Worcester & Nashua Railroad Co.,* 62 N.H. 159 (1882). In that case, it is explicit that recovery of one wrongdoer against another was dependent on the existence of a right in the former to recover for personal injury or property damage against

the latter if the latter could by ordinary care have prevented the injury. Implicit in this is the requirement of a duty owed by the latter to the former. Since there was no duty owed by Nuroco to Porter or Field, an essential element of the *Nashua* case is lacking.

Our answer to the first question is that the motion to dismiss should be granted. In view of this answer, the issue of insurance coverage is moot and its determination has been waived in that event.

*Remanded.*

All concurred.