Rockingham
No. 84-288

### COLLECTRAMATIC, INC.

v.

### KENTUCKY FRIED CHICKEN CORP.

October 24, 1985

*Kearns, Colliander, Donahue & Tucker P.A.*, of Exeter (*David S. Brown* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Gilbert Upton* on the brief and orally), for the defendant.

### Memorandum Opinion

The plaintiff appeals the dismissal by the Superior Court (*Dalianis*, J.) of its third-party action for implied indemnity and/or contribution. We affirm.

On April 11, 1980, Joseph Wise was injured when hot grease spilled onto him while he was cleaning a Collectramatic Model 720 pressure fryer in the course of his employment at a Kentucky Fried Chicken restaurant in Salem. He sued the current third-party plaintiff, Collectramatic, Inc., manufacturer of the fryer, for his injuries. While that action was pending, Collectramatic brought this third-party action against defendant, Kentucky Fried Chicken Corp. (KFCC), the franchisor of all Kentucky Fried Chicken restaurants. Wise, the injured employee, was employed by the franchise holder of the Kentucky Fried Chicken restaurant where he worked, not by KFCC, the franchisor. Since this third-party action was brought, Wise's suit against Collectramatic has been settled. Thus, at issue here is KFCC's liability to Collectramatic for the amount of the settlement.

Collectramatic alleges that a special relationship existed between it and KFCC. A very high percentage of its Model 720 pressure fryers were in use at KFCC franchises. When Collectramatic became aware that the Model 720 had been involved in many personal injury accidents because of the model's bottom-mount collector, it

issued advisories to KFCC regarding proper use of the product. It also provided users a special collector removal tool to remedy the problem and advised KFCC of this fact, and it eventually made a design change, going to a drop-in collector instead of the bottom-mount. Users of the Model 720 could obtain the drop-in collector free of charge, and KFCC and users of the Model 720 were so advised. All of the above occurred well before the injury to Wise. The pressure fryer involved in his injury had not been fitted with the design change.

Furthermore, Collectramatic argues that KFCC was in a better position to require franchisees to use the special collector removal tool and later to replace the bottom-mount collectors with the drop-in type when the design change was made. This argument is based on the franchise agreement between KFCC and the franchisee of the restaurant where Wise's injury occurred. That agreement gives KFCC the right to approve equipment suppliers, to require franchisees to operate according to KFCC's Confidential Operators Manual, and to inspect restaurants to ensure compliance. In Collectramatic's view, KFCC should indemnify it because the special relationship between the parties made KFCC aware of the problem, and KFCC, in turn, was in a better position to require corrective measures.

On an appeal from an order granting a motion to dismiss, "the only issue raised is whether the allegations are reasonably susceptible of a construction that would permit recovery." *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978). We will assume the truth of both the facts alleged in the plaintiff's pleadings and all reasonable inferences therefrom as construed most favorably to the plaintiff. If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied. *Id.* Because this is a third-party action which incorporates the allegations made by the plaintiff Wise in the underlying action, we likewise assume the truth of the facts alleged and the inferences drawn in that action. *Hamilton v. Volkswagen of America*, 125 N.H. 561, 562, 484 A.2d 1116, 1117 (1984).

In this appeal, Collectramatic concedes that its action against KFCC cannot be based on contribution, as a result of *Consolidated Utility Equipment Services, Inc. v. Emhart Manufacturing Corp.*, 123 N.H. 258, 459 A.2d 287 (1983). The only question presented on appeal is whether Collectramatic can maintain an action for implied indemnity from KFCC for the injuries suffered by Wise.

We have found an implied duty to indemnify in two cases: *Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 294 A.2d 211 (1972),

and *Wentworth Hotel v. Gray, Inc.*, 110 N.H. 458, 272 A.2d 583 (1970). "In each case the indemnitor had agreed to perform a service for the indemnitee. In each, the indemnitor was assumed to have performed negligently. And in each, the result was a condition that caused harm to a third person in breach of a non-delegable duty of the indemnitee. In neither was the indemnitee assumed to have been negligent, at least beyond a failure to discover the harmful condition." *Hamilton v. Volkswagen of America, supra* at 563, 484 A.2d at 1118. These facts are not present here.

█    Nevertheless, plaintiff invites us to find an implied duty to indemnify on the facts of this case despite plaintiff's alleged liability for the design of the product. We decline the invitation and in doing so note what we said just last year in *Hamilton*, 125 N.H. 561, 484 A.2d 1116, that "indemnity agreements are rarely to be implied and always to be strictly construed . . ., [rules reflecting] a simple notion founded in pragmatism and fairness, that those who are negligent should bear responsibility for their negligence." *Id.* at 564, 484 A.2d at 1118. *See also William H. Field Co. v. Nuroco Woodwork, Inc.*, 115 N.H. 632, 634, 348 A.2d 716, 718 (1975) (manufacturer of dangerous product barred from indemnification from purchaser of product).

*Affirmed.*

JOHNSON, J., did not sit.