Suburban v. Trianco                    CV-94-403-M    12/18/97

UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Suburban Propane, L.P.,
          Plaintiff
     v.                                    Civil No. 94-403-M
Trianco-Heatmaker, Inc.;
Davidson, Gourley & Acker, Inc.; and
Lakeview Condominium Association, Inc.,
          Defendants
     v.
Washington Resources Group, Inc.,
     Third Party Defendant


                         **O R D E R**


     Suburban Propane's claims against Trianco-Heatmaker, Inc.
arise from an underlying suit in which Suburban paid an amount in
settlement of claims for injuries and deaths caused by carbon
monoxide that escaped from a heating appliance.  Trianco moves to
dismiss Suburban's contribution and indemnification claims on
grounds that contribution is barred by the statutory limitations
period and no legal basis exists for indemnification.  Suburban
objects.  For the following reasons, the motion is denied in part
and granted in part.



                         **Discussion**

     When considering a motion to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(6), the court must decide whether
the plaintiff has stated "a claim upon which relief can be
granted."  The court accepts all well-pleaded facts as true and
takes all reasonable inferences in favor of the plaintiff.  Doyle
v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).  Dismissal is

appropriate "'only if it appears that the plaintiff can prove no set of facts upon which relief may be granted.'" Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997).

## A.    Contribution

In its motion to dismiss, Trianco argues that Suburban's contribution claim is barred by New Hampshire Revised Statutes Annotated § 507:7-g, III(a), but does not address the alternative limitation period provided in subpart (b).[1]  As discussed at the hearing held on October 21, 1997, Suburban asserts that its contribution claims were timely filed under subpart (b).  Since a factual basis apparently exists to support Suburban's allegations of timely filing, the motion to dismiss Suburban's contribution claim against Trianco is denied.

## B.    Indemnification

---

[1]    New Hampshire Revised Statutes Annotated § 507:7-g, III provides as follows:

> If a judgment has been rendered, the action for contribution must be commenced within one year after the judgment becomes final.  If no judgment has been rendered, the person bringing the action for contribution must have either (a) discharged by payment the common liability within the period of the statute of limitations applicable to the claimant's right of action against that person and commenced the action for contribution within one year after payment, or (b) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid liability and commenced an action for contribution.

Trianco moves to dismiss Suburban's indemnification claim, asserting that it had no express agreement to indemnify Suburban and that no factual basis exists to impose an implied obligation to indemnify. Suburban relies on the Restatement (Second) of Torts section 886B(2)(d) and (e) in arguing that a right of indemnification may be implied from certain circumstances to prevent unjust enrichment. As Trianco points out, however, this court has previously held that section 886B(2)(b) provides no basis for relief under New Hampshire law.[2] See Pond v. Majercik, et al., No. 94-225-M, slip op. at 12 (D.N.H. Sept. 29, 1995) (noting New Hampshire's "unmistakable policy that indemnity agreements are 'rarely to be implied and always to be strictly construed'" and quoting Collectramatic v. Kentucky Fried Chicken Corp., 127 N.H. 318, 321 (1985)).

It has been two years since Pond was decided, and the New Hampshire Supreme Court has not recognized the Restatement's "unjust enrichment" theory, section 886B, as creating a right to implied indemnification. Accordingly, for the same reasons as stated in Pond, the court finds no basis in New Hampshire law for Suburban's indemnification claims based on sections 886B(2)(d) and (e). See Pond, slip op. at 12 ("[C]onsistent with the federal courts' obligation to 'apply [state] law according to its tenor,' [Kassel v. Gannett Co., 875 F.2d 935, 950 (1st Cir. 1989)] the court declines to expand New Hampshire's common law

_____

[2]Suburban has not suggested that New Hampshire law does not control the issue of implied indemnification.

3

into areas not yet considered by the New Hampshire Supreme Court.").

**<u>Conclusion</u>**

For the foregoing reasons, defendant's motion to dismiss (document no. 64) is granted as to Count V and denied as to Count VI.

**SO ORDERED.**

                                    _____
Steven J. McAuliffe
United States District Judge

December 18, 1997

cc:   John E. Friberg, Esq.
      Marc R. Scheer, Esq.
      Joseph M. McDonough, III, Esq.
      James E. Owers, Esq.
      Michael B. O'Shaughnessy, Esq.
      William L. Tanguay, Esq.