Irwin FREUND, Plaintiff,

v.

Gary R. GERSON and Neity Gerson as Trustees of Gary R. Gerson, C.P.A., P.A. Pension Trust, and Gary R. Gerson, C.P.A., P.A. Pension Trust, Defendants.

No. 81–411–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

April 18, 1985.

Ronald Gilbert, Miami, Fla., for plaintiff.

James Kenny, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

SPELLMAN, District Judge.

This action is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1381 (1975). Jurisdiction is predicated upon 29 U.S.C. § 1132. The Plaintiff, Irwin Freund, seeks "to recover benefits [allegedly] due to him ... under his [Pension] plan." 29 U.S.C. § 1132(a)(1)(B). A non-jury trial was held on March 14, 1985 and on March 26, 1985 this Court heard the final arguments. The opinion which follows constitutes this Court's findings of fact and conclusions of law.

I

Plaintiff was born on November 13, 1948. From September 12, 1972 until April 28, 1978 Plaintiff was employed as a staff accountant by Gary R. Gerson, C.P.A., P.A. (now Gerson, Preston & Company, P.A.) in

Broward County, Florida. Plaintiff was 29 years old when he left Gerson, Preston & Company, P.A.

The Defendants, Gary R. Gerson and Neity Gerson, are Trustees of the Defendant Gary R. Gerson, C.P.A., P.A. Penson Trust. Plaintiff was a beneficiary under the Pension Trust and on April 28, 1978 had a vested interest of $4,448.00, representing 30% of $14,827.00 in employer contributions. Plaintiff did not make any additional, voluntary contributions to the Pension Plan.

Lawrence Fisher, another accountant with Gerson, Preston & Company, P.A. also voluntarily terminated his employment on or about April 28, 1978. Beginning in May, 1978, Plaintiff and Fisher, without the written consent of Gerson, Preston & Company, P.A., engaged in an accounting practice in Dade County, Florida under the firm name of Freund & Fisher. Freund & Fisher is in direct competition with Gerson, Preston & Company, P.A. and performs accounting services for, among others, clients for whom Gerson, Preston & Company, P.A. had been performing accounting services while Plaintiff was employed there.

The terms of the Pension Plan include Article XIX, which provides:

> Notwithstanding any provisions contained herein to the contrary, in the event a Participant or a terminated Participant, without the written consent of the Employer, directly or indirectly, for himself, or on behalf of or as an employee of any other person, firm, association, or corporation, engages in or is employed by a business competitive with that of the Employer within eighteen (18) months after the termination of his employment with the Employer, the Participant's or terminated Participant's vested interest and benefits accumulated pursu-

ant to the terms of the Plan shall be forfeited. However, the provisions of this Article shall not be applicable ... to voluntary contributions made by a Participant. This Article shall be applicable only until a Participant has completed ten (10) years of service with the Employer.

Plaintiff's Exhibit 2, at page 57.

Although Plaintiff was not aware of this provision until after he left Gerson, Preston & Company, P.A., Plaintiff did receive a Summary Plan Description during his employment with Gerson, Preston & Company, P.A.[1] The Summary Plan Description, however, under the section describing "CIRCUMSTANCES WHICH MAY RESULT IN DISQUALIFICATION, INELIGIBILITY, OR DENIAL, LOSS, FORFEITURE, OR SUSPENSION OF ANY BENEFITS," erroneously advised that "[t]here are no circumstances which may cause a forfeiture of your vested benefits." Plaintiff's Exhibit 1, at page 5. Thus, because of this error in the Summary Plan Description, and because Plaintiff had no knowledge of the Non-Competition Agreement contained in Article XIX, Plaintiff contends that "Article XIX is void and the Plaintiff is entitled to his pension." First Amended Complaint, paragraph 11, at page 3. This Court disagrees.

## II

In order to insure that the participants and beneficiaries have full knowledge of all necessary information, ERISA requires that they be furnished with a Summary Plan Description. 29 U.S.C. § 1022(a)(1). This summary plan must contain certain information, including "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. § 1022(b).[2] As previously stated,

---

**1.** There is a conflict in the testimony in this case. Plaintiff testified that he had on many occasions asked for a copy of the Plan but was never given a copy. Gary Gerson testified that it was company practice to provide a copy of the Plan to anyone who requested a copy. This Court chooses to credit Gary Gerson's explana-

tion and finds that Plaintiff did not ask for a copy of the Plan. Had Plaintiff requested a copy, one would have been provided.

**2.** 29 U.S.C. § 1022 provides in relevant part:
(a)(1) A summary plan description of any employee benefit plan shall be furnished to par-

Plaintiff's position is, in essence, that because of the error in the Summary Plan, Defendant is estopped to deny benefits on this basis.

Although ERISA specifically allows private actions for benefits, injunctions and other appropriate relief, including attorneys' fees, 29 U.S.C. § 1132, this Court is of the opinion that a private action cannot lie for merely a "technical" breach of § 1022(b). Instead, this Court finds, and case law suggests, that in order to recover damages for the breach, Plaintiff must show some significant reliance upon, or possible prejudice flowing from the faulty Summary Plan description. *See Govoni v. Bricklayers, Masons & Plasterers*, 732 F.2d 250, 252 (1st Cir.1984) (citing cases).[3] This Court, however, can find no such reliance or prejudice here.

Gary Gerson testified that Irwin Freund was a very valuable employee. Thus, in 1978, when Plaintiff gave notice that he was terminating his employment with Gerson, Preston & Company, P.A., and engaging in competitive practice with Lawrence Fisher, both Gary Gerson and Richard Preston attempted to change Plaintiff's mind. In 1978, Plaintiff was earning approximately $35,000.00 per year from Gerson, Preston & Company, P.A. Plaintiff was offered a generous salary increase in return for his promise to stay. Over $50,000.00 per year was the offer. Plaintiff was also told that he would probably be made a partner in the firm within one year. Additionally, Plaintiff, who resided in Dade County but commuted to Broward County to work, was offered the opportunity of managing a new satellite office Gerson,

Preston & Company, P.A. promised to open nearer to Plaintiff's home.

During these negotiations, the Gary R. Gerson, C.P.A., P.A. Pension Trust was also mentioned. Plaintiff, for the first time, was informed of the forfeiture provision contained in Article XIX and that because of this provision, he could lose his $4,448.00 in accrued benefits. Nonetheless, in light of the threat of Article XIX and despite the generous promises made by Gerson, Preston & Company, P.A., Plaintiff still chose to leave. Gary Gerson testified that "it was obvious that Irwin Freund had already made up his mind at that time."

This Court agrees with Mr. Gerson's assessment. In fact, this Court believes that Plaintiff had his mind "made up" for some time. Plaintiff schemingly engineered his exodus from Gerson, Preston & Company, P.A.; he took with him not only a co-worker, Lawrence Fisher but many of the firm's clients and contacts. And in that the $15,000.00 a year salary increase, the possibility of partnership in the firm, and the other generous promises could not dissuade Plaintiff from opening up Freund & Fisher, this Court finds as a matter of law that knowledge of the forfeiture provision would have likewise made no difference.

Plaintiff did not rely on the faulty description in the Summary Plan in terminating his employment. Plaintiff terminated his employment with Gerson, Preston & Company, P.A. because of his high hopes for Freund & Fisher. Had he known of the forfeiture provision, this Court cannot believe that he would have acted any differently. If the lost promises made by Ger-

---

ticipants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan....

    *    *    *    *    *    *

(b) The plan description and summary plan description shall contain the following infor-

mation: ... circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; ...

**3.** *See also Anthony v. Ryder Truck Lines, Inc.*, 611 F.2d 944, 947 (3rd Cir.1979) (no recovery "[a]bsent proof of an estoppel"); *Zittrouer v. Uarco Incorporated Group Benefit Plan*, 582 F.Supp. 1471, 1475 (N.D.Ga.1984) (Plaintiff must show (1) an intentional deception through concealment or inaction, or gross negligence amounting to constructive fraud; (2) justifiable reliance; and (3) damages).

son, Preston & Company, P.A. did not make Plaintiff stay, the $4,448.00 in lost benefits certainly would not. Thus, in this case, knowledge of the forfeiture provision is irrelevant and for this reason Plaintiff should not be able to recover claiming he was unaware of the provision. Quite simply, Plaintiff has not demonstrated how he was prejudiced by the misinformation.

### III

The forfeiture provision is valid, *see* 29 U.S.C. § 1053(a)(2)(A); *Hepple v. Dybdahl,* 622 F.2d 962 (8th Cir.1980), and because it controls over the conflicting provision in the Summary Plan Description,[4] this Court concludes that Plaintiff's benefits forfeited to the Defendant Gary R. Gerson, C.P.A., P.A. Pension Trust when Plaintiff, without written consent, opened a competing firm. Thus, even though the Summary Plan is technically in error and violates 29 U.S.C. § 1022(b), *see Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911 (2nd Cir.1982) (cited by Plaintiff in closing arguments), and even though Plaintiff was unaware of the forfeiture provision in the Pension Trust before he decided to leave Gerson, Preston & Company, P.A., this Court is of the opinion that Plaintiff has no cause of action. Because Plaintiff has not demonstrated that knowledge of the forfeiture provision would have altered his course of action, his lack of knowledge should not preclude the application of Article XIX. Plaintiff was not damaged by the error in the Summary Plan. Therefore Plaintiff can not recover his pension benefits.

Defendants shall, within ten (10) days from the date of these Findings of Fact and Conclusions of Law, submit to this Court a Final Judgment in accordance with this same.

4. The Summary Plan notes that "[i]f any information included in this summary plan description is in conflict with the trust agreement, the provisions of the trust agreement are controlling." Plaintiff's Exhibit 1, at page 6.

There is thus no question that the trust agreement controls. The cases are legion that an

outline describing a pension plan may not be effective in overriding the terms of the Plan where the summary expressly states that it is only a brief description of the Plan and the terms of the Plan are governed entirely by the Plan. *See Matter of The Eli Witt Co.,* 20 B.R. 778, 781 (Bankr.M.D.Fla.1982).