## Steven M. RUOTOLO

### v.

## The SHERWIN–WILLIAMS COMPANY.

### Civ. No. H–84–605(JAC).

United States District Court, D. Connecticut.

Sept. 26, 1985.

---

an employee benefit plan established pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") and the availability of relief to an employee who received a summary plan description that fails to satisfy the statutory standards.

The plaintiff, Steven M. Ruotolo, is a former traveling salesman for the defendant, The Sherwin-Williams Company ("Sherwin-Williams"). In November 1983, the plaintiff obtained long-term disability benefits from the defendant on the ground that his vision problems made it dangerous for him to drive a car. The defendant subsequently discovered that the plaintiff was "moonlighting" as a bartender and sought to reduce his benefits retroactively by 70 percent of his bartending income.

The parties agree that the defendant's long-term disability plan permits an employee who can no longer perform his former job to qualify as "disabled" for 24 months even though he is capable of performing other work. After that period, the employee is considered disabled only if he cannot work at all. An employee who works at another job while receiving his initial 24 months of long-term disability benefits will have his benefits reduced by 70 percent of his earnings from the other job.

The plaintiff is seeking the restoration of his long-term disability benefits, retroactive to November 1983, on the ground that the defendant has violated 29 U.S.C. § 1022.[1]

Joseph D. Garrison, New Haven, Conn., for plaintiff.

Robert H. Hall, Newtown, Conn., for defendant.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ON DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

JOSÉ A. CABRANES, District Judge:

The questions presented on these cross-motions for summary judgment are the sufficiency of the summary description of

---

1. The statute provides, in pertinent part:

(a)(1) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan....

(b) The plan description and summary plan description shall contain the following information: The name and type of administration of the plan; the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; the name and address of the administrator; names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; *circumstances which may result in disqualification, ineligibility, or denial or loss of benefits;* the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be fol-

This provision requires the administrator of an employee benefit plan covered by ERISA to provide participants with a "summary plan description" written in a manner reasonably calculated to apprise the average participant of any rules that would occasion a loss or reduction of benefits. 29 U.S.C. § 1022(a).

The defendant counters that its summary plan description satisfies the requirements of Section 1022. In the alternative, the defendant argues that, even if the plan fails to meet the statutory standards, the plaintiff cannot recover either because his loss of benefits did not result from his reliance upon the summary plan description or because he has "unclean hands." Both parties have moved for summary judgment pursuant to Rule 56(c), Fed.R.Civ.P., and the motions were submitted for decision on September 19, 1985, following an extended oral argument in open court.

## I.

The prerequisites for granting a motion for summary judgment are well established. *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313 (2d Cir.1981). For summary judgment to be appropriate, there can be no "genuine issue as to any material fact" and the moving party must be "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981), *quoting Heyman v. Commerce & Industry Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). Moreover, there must be no controversy as to the inferences to be drawn from the evidentiary facts. *Phoenix Savings & Loan, Inc. v. Aetna Casualty & Surety Co.*, 381 F.2d 245, 249 (4th Cir. 1967). In determining whether or not there is a genuine factual issue in the case,

the court must "resolve all ambiguities and draw all reasonable inferences against the moving party." *Schwabenbauer, supra*, 667 F.2d at 313; *see also United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980).

There is no dispute of fact between the parties as to the provisions of the Sherwin-Williams long-term disability plan or the contents of the summary plan description. *See* Memorandum in Support of Plaintiff's Motion for Summary Judgment (filed March 26, 1985) ("Plaintiff's Memorandum"), Exhibits A ("The Sherwin-Williams Company Salaried Employees' Long Term Disability Plan") and B (summary plan description); Defendant's Affidavit in Opposition to the Plaintiff's Motion for Summary Judgment and in Support of the Defendant's Motion for Summary Judgment (filed June 27, 1985) ("Defendant's Affidavit"), Exhibits 27 ("The Sherwin-Williams Company Salaried Employees' Long Term Disability Plan") and 26 (summary plan description). There is likewise no dispute that the plaintiff was provided with a copy of the summary. Instead, the dispute between the parties centers on whether the summary satisfies the requirements of Section 1022 and on whether a violation of that provision entitles the plaintiff to the retroactive restoration of his benefits regardless of whether he took any action in reliance on the summary or whether he has "unclean hands."

## II.

All participants in an employee benefit plan covered by ERISA must be provided with a summary plan description that is "written in a manner calculated to be understood by the average plan participant." 29 U.S.C. § 1022(a)(1). The summary must be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obli-

---

lowed in presenting claims for benefits under the plan and the remedies available under the plan for the redress of claims which are denied in whole or in part (including proce-

dures required under section 1133 of this title).

29 U.S.C. § 1022 (emphasis added).

gations under the plan." *Id.* More specifically, the summary must contain a description of the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. § 1022(b).

The requirements of the summary plan description are further detailed in the regulations promulgated by the U.S. Department of Labor.[2] For example, the summary "must not have the effect [of] misleading, misinforming or failing to inform participants and beneficiaries" with respect to pertinent provisions of the plan. 29 C.F.R. § 2520.102–2(b). Furthermore, the summary must contain "a statement clearly identifying circumstances which may result in disqualification, ineligibility or denial, loss, forfeiture or suspension of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide." 29 C.F.R. § 2520.102–3(1).

Our Court of Appeals, after examining the relevant statutory language and legislative history, concluded that "the focus of concern [of Section 1022] is with circumstances that might cause a participant or beneficiary not to receive benefits." *Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911, 914 (2d Cir.), *cert. denied,* 459 U.S. 1039, 103 S.Ct. 454, 74 L.Ed.2d 607 (1982). *See also Morse v. Stanley,* 732 F.2d 1139, 1147 (2d Cir.1984) (accord). It is therefore appropriate to subject a summary plan description to careful scrutiny where, as here, it is challenged for having failed to inform participants of circumstances that might lead to the loss or reduction of benefits.

The summary description of the Sherwin-Williams long-term disability plan fails to meet the standards established by Section 1022 and the regulations promulgated thereunder. The summary nowhere tells the employee in straightforward terms that, although he need not be incapable of *all* work in order to receive his first 24 months of disability benefits, those benefits will be reduced by 70 percent of any earnings that he receives from paid employment. *See* Defendant's Affidavit, Exhibit 26.

Indeed, the summary plan description alludes to this requirement only in two sentences that appear at the beginning of the section titled "Rehabilitative Work." The sentences provide:

> Ordinarily, you can't receive disability benefits if you are doing any kind of work for pay. However, to help you during your recovery from total disability, your Sherwin-Williams LTD plan has a special feature that lets you perform certain kinds of work for pay, while you are still receiving disability benefits.

*Id.* at 11.

This provision does not meet the test imposed by the regulations of "clearly iden-

---

**2.** The regulations provide, in pertinent part:

(a) Method of presentation. The summary plan description shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan. In fulfilling these requirements, the plan administrator shall exercise considered judgment and discretion by taking into account such factors as the level of comprehension and education of typical participants in the plan and the complexity of the terms of the plan. Consideration of these factors will usually require the limitation or elimination of technical jargon and of long, complex sentences, the use of clarifying examples and illustrations, the use of clear cross references and a table of contents.

(b) General format. The format of the summary plan description must not have the effect to [sic] misleading, misinforming or failing to inform participants and beneficiaries. Any description of exceptions, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure, or otherwise made to appear unimportant. Such exceptions, limitations, reductions, or restrictions of plan benefits shall be described or summarized in a manner not less prominent than the style, captions, printing type and prominence used to describe or summarize plan benefits. The advantages and disadvantages of the plan shall be presented without either exaggerating the benefits or minimizing the limitations. The description or summary of restrictive plan provisions need not be disclosed in the summary plan description in close conjunction with the description or summary of benefits, provided that adjacent to the benefit description the page on which the restrictions are described is noted.
29 C.F.R. § 2520.102–3.

tifying circumstances which may result in ... loss, forfeiture or suspension of any benefits." The first sentence is vague and ambiguous, or might seem so to the "average plan participant," because it is unclear whether it refers to Sherwin-Williams' disability benefits or to disability benefits in general. The provision is also inaccurate, because it fails to state that disability benefits ordinarily will be reduced, rather than lost entirely, if the participant has other earnings.

Finally, the provision is misplaced, at the beginning of a section on "Rehabilitative Work," in a manner that may cause its significance to go unrecognized by the average participant. There is no indication in the sections of the summary titled "Limitations on Benefits" and "Termination of Benefits" that a participant may suffer a loss or reduction of his long-term disability benefits if he engages in paid employment.

### III.

■ The court is not persuaded, however, that deficiencies in the summary plan description are sufficient in themselves to permit the plaintiff to recover his lost disability benefits. Instead, the plaintiff is entitled to recover only if he can establish that he lost his disability benefits as a result of his reliance on the deficiencies in the summary plan description.

The Court of Appeals for the First Circuit, in an action brought under the same provision of ERISA, held that "to secure relief [under Section 1022, the participant] must show some significant reliance upon, or possible prejudice flowing from, the faulty plan description." *Govoni v. Bricklayers, Masons & Plasterers International Union,* 732 F.2d 250, 252–253 (1st Cir. 1984). *See also Freund v. Gerson,* 610 F.Supp. 69 (D.C.Fla.1985) (accord).

Our Court of Appeals has not yet addressed the question of whether reliance or prejudice is a prerequisite to recovery under Section 1022. However, in *Morse v. Stanley,* 566 F.Supp. 1455 (S.D.N.Y.1983), *aff'd on other grounds,* 732 F.2d 1139 (2d Cir.1984), the district court denied recovery

to the plaintiff for a violation of Section 1022 because he had not been prejudiced by the inadequacy of the summary plan description provided by the plan trustees. The Court of Appeals did not reach the prejudice question because it found that the plan summary was not inadequate as a matter of law.

Furthermore, our Court of Appeals has upheld a district court decision that required a showing of reliance or prejudice as a prerequisite to recovery under a related provision of ERISA. *See Pollock v. Castrovinci,* 476 F.Supp. 606, 617–618 (S.D.N.Y.1979), *aff'd without opinion,* 622 F.2d 575 (2d Cir.1980). The district court in *Pollock* held that, although the plan administrator had violated 29 U.S.C. § 1024 by failing to supply the plaintiff with a copy of an employee benefit plan, the plaintiff could not recover because she had not been prejudiced by the administrator's action.

■ In this case, there is a genuine dispute of fact between the parties as to whether the plaintiff's injury resulted from his reliance on the defendant's summary plan description. For example, the plaintiff states in his affidavit that his decision to elect the defendant's long-term disability option, rather than its early retirement option, was based in part on his reading of the summary plan description. Affidavit of Steven M. Ruotolo (filed March 26, 1985), ¶¶ 7, 9. However, in somewhat ambiguous testimony at his deposition, the plaintiff suggested that he merely "glanced" at the summary but did not study it in any detail. Defendant's Affidavit, Exhibit 1, at 18–19. *See also id.* at 60–62, 68. It would therefore be inappropriate for this court to award summary judgment to either party with respect to the relief sought by the plaintiff.

The defendant contends that the plaintiff should be denied recovery—regardless of any deficiencies in the summary plan description and regardless of any reliance or prejudice on his part—because he has "unclean hands." In essence, the defendant asks the court to find that the plaintiff

forfeited any claim to recovery by having failed to answer questions about his employment status that the defendant failed to ask.

The courts of this Circuit are generally "reluctant to apply the unclean hands doctrine in all but the most egregious situations." *Markel v. Scovill Manufacturing Co.*, 471 F.Supp. 1244, 1255 (W.D.N.Y.), *aff'd without opinion*, 610 F.2d 807 (2d Cir.1979). The defendant has established no conduct by Mr. Ruotolo that is so egregious as to deny him any benefits to which he may be deemed entitled as a result of further proceedings in this case.

### Conclusion

For the reasons stated above, the court holds that the plaintiff is entitled to partial summary judgment that the defendant violated 29 U.S.C. § 1022(a)(1) and (b). What relief the plaintiff is entitled to obtain, if any, remains to be determined at trial upon a factual showing by the plaintiff of injury resulting from his reliance on the deficiencies in the defendant's summary plan description. Accordingly, the plaintiff's motion for summary judgment is granted in part and denied in part, and the defendant's cross-motion for summary judgment is denied.

It is so ordered.