Rockingham
No. 94-831

MARIE T. HIGGINS

v.

CUSHMAN S. COLBY, C.P.A., P.A., & a.

April 9, 1996

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the plaintiff.

*Casassa & Ryan*, of Hampton (*Robert A. Casassa* on the brief and orally), for defendant Cushman S. Colby, C.P.A., P.A.

*Hall, Hess, Kenison, Stewart, Murphy & Keefe*, of Manchester (*Kathryn B. Johnston* on the brief, and *Frank E. Kenison* orally) for defendants United Plans, Inc. and Durham Life Insurance Company.

JOHNSON, J. The plaintiff, Marie Higgins, appeals the order of the Superior Court (*Mohl*, J.) dismissing her State contract and tort claims because they are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). *See* 29 U.S.C. §§ 1001 *et seq.* (1994). We affirm.

The plaintiff was employed by defendant Cushman S. Colby, P.A. (Colby), an accounting firm in Hampton. In January 1988, the

plaintiff was enrolled in a group health insurance plan offered by Colby to its employees (Colby plan). Colby paid 100% of the plan's premiums. Defendant United Plans, Inc. was the plan administrator for the insurance carrier, Durham Life Insurance Company (United Plans/Durham). In April 1988, United Plans/Durham rescinded coverage of the plaintiff retroactive to January 1, 1988, because it determined that she had omitted material information from her insurance application. United Plans/Durham refunded the premiums paid by Colby. United Plans/Durham, however, reinstated the policy in August 1988 retroactive to January 1, 1988, and paid all medical costs incurred by the plaintiff, even though she was no longer employed by Colby.

In November 1988, the plaintiff sued Colby, claiming breach of contract for failing to provide health insurance and for negligence for allowing United Plans/Durham to rescind coverage. Colby moved to add United Plans/Durham as third party defendants, and the Superior Court (*Gray*, J.) granted the motion. United Plans/Durham moved to dismiss, arguing that the plaintiff's State law claims were preempted by ERISA. *See* 29 U.S.C. § 1144(a). The Superior Court (*Mohl*, J.) granted the motion and *sua sponte* dismissed the claims against Colby. The plaintiff's motion for reconsideration was denied. This appeal followed.

When reviewing an order granting a motion to dismiss, we must determine whether the plaintiff's "allegations are reasonably susceptible of a construction that would permit recovery." *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (quotation omitted). We assume the truth of the facts alleged in the plaintiff's pleadings and construe all reasonable inferences drawn therefrom in a light most favorable to the plaintiff. *Id.* An order granting a motion to dismiss will be upheld if the facts as pled cannot constitute a basis for legal relief. *Id.*

■ The superior court found that the plaintiff failed to state a cause of action upon which relief could be granted because her claims were preempted by ERISA. We note that while ERISA preempts state common law tort and contract claims that relate to a benefit plan, the superior court has jurisdiction to hear a civil action brought by a beneficiary to enforce rights under ERISA, as the statute provides for concurrent jurisdiction of both the federal district and state courts. *See* 29 U.S.C. § 1132(e)(1).

■■ ERISA is a comprehensive federal statute governing the creation and administration of employee benefit plans. "Subject to certain exemptions, ERISA applies generally to all employee benefit

plans sponsored by an employer or employee organization." *District of Columbia v. Gr. Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992); *see* 29 U.S.C. § 1003(a). The Colby plan is an "employee welfare benefit plan" under ERISA, *see* 29 U.S.C. § 1002(1), as it is a "plan . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . medical, surgical, or hospital care or benefits . . . ." *Id.*

■ ERISA imposes a number of requirements with respect to disclosure and reporting, *see id.* §§ 1021-1030, participation, *see id.* §§ 1051-1060, and funding, *see id.* §§ 1081-1085b. While the statute also governs the administration of employee benefit plans, *see id.* §§ 1131-1169, and the fiduciary responsibilities of plan administrators, *see id.* §§ 1101-1114, it does not regulate the substantive content of those plans. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985).

■ ■ ERISA contains a sweeping preemption provision (the preemption clause) mandating that the statute "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (emphasis added). The "express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987) (quotation omitted). "Congress used equally broad language in defining the 'State law' that would be pre-empted," *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39 (1990); *see* 29 U.S.C. § 1144(c)(1), and this language has been interpreted to include state common law tort and contract claims. *See Pilot Life*, 481 U.S. at 47-48; *Desmarais v. Joy Mfg. Co.*, 130 N.H. 299, 305, 538 A.2d 1218, 1222 (1988). In the interpretation of the preemption clause, "[t]he key . . . is found in the words 'relate to.'" *Ingersoll-Rand*, 498 U.S. at 138.

> A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Under this "broad common sense meaning," a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans or the effect is only indirect.

*Id.* at 139 (quotation and citation omitted).

Because "only state laws that relate to benefit *plans* are pre-empted," *id.* (emphasis in original), the plaintiff argues that a necessary prerequisite for ERISA preemption to prevail is that a

plan must exist, and because United Plans/Durham rescinded coverage, there was no plan as between the plaintiff and Colby.

The plaintiff's argument that no plan existed is without merit. The plaintiff was enrolled in the Colby plan effective January 1, 1988, and billing statements reveal that Colby paid her premiums. While the plan was rescinded for a period of time, it was reinstated retroactive to January 1, 1988, and benefits have been paid to her pursuant to Colby's group health insurance policy. The plaintiff's writ alleges that "as part of her employment the Plaintiff was promised and provided certain benefits . . . ." Therefore, even when we view the pleadings in a light most favorable to the plaintiff, this action involves a plan offered by Colby to the plaintiff. Given that she concedes that if an employer provides a plan, "then his actions and that of the plan's are governed by the requirements" of ERISA, we conclude that her claims are preempted.

Even if we found that no plan existed as between the plaintiff and Colby, however, her claim, in this instance, would be preempted. In *Ingersoll-Rand*, 498 U.S. at 135-36, the plaintiff sued his employer for wrongful discharge, claiming that he was terminated shortly before his pension benefits vested because his employer wanted to avoid making payments into the employee's pension fund. The United States Supreme Court held that the plaintiff's state common law claim was preempted because "the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law. As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself." *Id.* at 139-40 (emphasis in original).

Here, the existence of the Colby plan was central to both the contract and tort claims advanced by the plaintiff. Count I of her writ states that "as part of her employment the Plaintiff was promised and provided certain benefits" and "that the Defendant had a contractual and statutory obligation to continue to provide health insurance." Count II incorporates Count I and states that the "Defendant allowed its health insurance carrier to refuse coverage to the Plaintiff." As in *Ingersoll-Rand*, the plaintiff's claims "make[] specific reference to, and indeed [are] premised on, the existence of a . . . plan," *id.* at 140, even if the plaintiff temporarily was denied participation. Consequently, her claim is preempted. *See, e.g., Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992) (plaintiff's state contract and negligent misrepresentation claims preempted because the existence of the employer's plan would be a critical factor in establishing the extent of liability under state common law); *Sanson v. General Motors Corp.*, 966 F.2d 618, 621 (11th Cir. 1992) (fraud-

ulent misrepresentation claim preempted by ERISA because statute would not apply without existence of the company plan).

In the alternative, the plaintiff argues that her state law claims should survive because the remedies available under ERISA are insufficient to fully compensate her for her economic losses and pain and suffering caused by the temporary rescission of her health benefits. "[W]hile we are not unmindful of the fact that our interpretation of the preemption clause leaves a gap in remedies within a statute intended to protect participants in employee benefit plans, the lack of an ERISA remedy does not affect a preemption analysis." *Corcoran v. United Healthcare*, 965 F.2d 1321, 1333 (5th Cir.), *cert. denied*, 506 U.S. 1033 (1992); *see, e.g., First Nat'l Life Ins. v. Sunshine-Jr. Food Stores*, 960 F.2d 1546, 1550 (11th Cir. 1992); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1470 (11th Cir. 1986); *Kearney v. U.S. Healthcare, Inc.*, 859 F. Supp. 182, 184 (E.D. Pa. 1994).

Finally, after reviewing the plaintiff's remaining argument concerning the court's *sua sponte* dismissal of the action against Colby, we conclude that it is without merit and warrants no further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.