THOMAS SPEER, SR., ADMINISTRATOR (ESTATE OF THOMAS SPEER, JR.) *v.* STATE OF CONNECTICUT (3193)

DUPONT, C.P.J., HULL and DALY, Js.

Argued June 12—decision released July 23, 1985

*William J. McCullough,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellant (defendant).

*Theodore I. Koskoff,* with whom, on the brief, was *Elizabeth Koskoff,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, administrator of the estate of Thomas Speer, Jr., was granted permission by the state commissioner of claims to bring suit against the state for the injuries and death of his decedent arising out of the alleged carelessness and negligence of employees of the state. General Statutes § 4-160. Some of the facts are not in dispute. The state maintained and operated a detoxification unit located at the Greater Bridgeport Community Mental Health Center. The plaintiff's decedent was undergoing care and treatment there when he fell or jumped to his death from an eighth floor window on December 21, 1976.

The plaintiff's complaint alleges, inter alia, that the negligence of the state consisted of the failure to have appropriate security facilities for the safety and wel-

fare of the decedent, to provide a safe location, including protective window screening for the decedent, to observe and monitor the decedent, to take adequate precautions and measures for the safety of the decedent, and to take a proper history of the decedent.

The trial court found that the twenty-six year old decedent's death resulted from a suicide when he jumped through a window located on the eighth floor while at the center as an inpatient in an alcohol detoxification program. Other facts found by the court were that on December 20, 1976, the decedent was brought to the emergency room of St. Vincent's Hospital, where a history was taken which indicated that he had an alcohol problem and that he had been experiencing hallucinations during that day. He was admitted on the same day to the mental health center and housed on the eighth floor.

The trial court concluded, on the basis of the facts presented, that the employees of the state knew or should have known that the decedent was in danger of committing suicide, and that they failed to use reasonable care to prevent the suicide. In determining whether or not the employees knew or should have known of the suicidal tendencies, the court relied on the testimony of a psychiatrist, an expert witness of the plaintiff, and on the intake history obtained from the patient which the court determined was inadequate for such a determination. The failure to use reasonable care was based upon the fact that the center did not provide protective screening on the windows, and that the center had notice of the need for such a safety measure for alcoholic patients who were suicidal. The trial court found that the negligence of the defendant was the proximate cause of death and awarded damages in the amount of $202,750.

On appeal, the defendant claims that the trial court erred (1) in finding that the intake history was inade-

quate, (2) in finding that its agents should have known the plaintiff's decedent was suicidal, (3) in finding that its agents violated the appropriate standard of care in housing the plaintiff's decedent on the eighth floor and (4) in finding that the plaintiff's decedent would have lived a normal productive life despite its finding that he was suicidal and alcoholic at the time of his death.

The defendant concedes in its brief that the trial court was correct in its statement of law that the single most important factor in determining whether a health care facility is negligent in failing to prevent a suicide is whether its agents knew or should have known or foreseen that the patient was suicidal. Basically, it claims that the facts found in determining that such negligence existed should not have been found. The trial court determined, on the basis of the testimony of the sole expert witness for the plaintiff, a psychiatrist, that the intake history was inadequate to ferret out patients with suicidal tendencies. The facts found were supported by evidence which the trial court opted, in its discretion, to believe and will not be disturbed. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). The second claim of error flows from the first claim of error. The court again chose to rely on the same expert witness for its finding that the defendant's agents should have known of the patient's proclivity for suicide.

The third and fourth claims of error also relate to factual findings of the trial court. There was evidence to support these findings and an appellate court is powerless to interfere with them. The presence of conflicting evidence during a trial cannot be the source of an appellate license to eschew some evidence and embrace other evidence. Which evidence is more credible is the trial court's "call."

There is no error.