Cheshire
No. 92-262

### JOHN R. MURDOCK

v.

### CITY OF KEENE

April 13, 1993

*Devine, Millimet & Branch, P.A.*, of Manchester (*Robert C. Dewhirst* on the brief, and *Eileen Fox* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*David P. Slawsky* and *Barton L. Mayer* on the brief, and *Russell F. Hilliard* orally), for the defendant.

BROCK, C.J.   This interlocutory transfer without ruling from the Superior Court (*McGuire*, J.) presents the question of whether a jailer having physical custody and control over a prisoner may be liable in tort for injuries sustained by that prisoner in his attempt to commit suicide. We hold that a jailer may be liable if the jailer's reckless conduct proximately causes injury to the prisoner.

In December 1989, the plaintiff, John R. Murdock, was arrested in Keene for operating a motor vehicle after the revocation of his license. While incarcerated in the jail of the Keene Police Department, he attempted unsuccessfully to hang himself with his shoe laces. The plaintiff filed this action in March 1991 seeking damages from the City of Keene for the injuries he sustained in his suicide attempt. The plaintiff's amended declaration alleges, *inter alia*, that the defendant knew or should have known that the plaintiff presented a substantial risk of suicide; that at least one of the supervisory officers on duty knew that the plaintiff had previously attempted suicide while in custody; that the defendant was under a duty of reasonable care to insure that the plaintiff not commit suicide; and that as a result of a breach of this duty, the plaintiff attempted to take his own life. The plaintiff further contends that the defendant's agents failed to remove certain articles of the plaintiff's clothing, failed to adequately monitor the plaintiff, and placed the plaintiff in a cell that

provided an easy opportunity for a suicide attempt. The defendant moved to dismiss the case for failure to state a cause of action. The question of whether the facts as alleged state a cause of action recognizable under New Hampshire law is presented for our review.

■ We have acknowledged that "[a]s a general rule, negligence actions seeking damages for the suicide of another will not lie because the act of suicide is considered a deliberate, intentional and intervening act which precludes a finding that a given defendant, in fact, is responsible for the harm." *McLaughlin v. Sullivan*, 123 N.H. 335, 337, 461 A.2d 123, 124 (1983). Although this rule was acknowledged in the context of a third party suing for wrongful death, it is equally applicable where the plaintiff is seeking damages for injuries sustained in his own failed suicide attempt. Two exceptions to this general rule have been recognized in other jurisdictions. The first exception recognizes a cause of action where the defendant actually causes the suicide. *Id.* at 337, 461 A.2d at 124. In *Mayer v. Town of Hampton*, 127 N.H. 81, 87, 497 A.2d 1206, 1211 (1985), we recognized a cause of action under the rationale of this exception where a tortfeasor's intentional conduct was extreme and outrageous and caused severe emotional distress leading to the victim's suicide.

The second exception, which the plaintiff argues applies here, recognizes a cause of action where the defendant has a duty to prevent the suicide. *McLaughlin*, 123 N.H. at 337, 461 A.2d at 124. Other jurisdictions have found this duty to arise as a matter of law from a special relationship between the defendant and the suicidal individual. *Id.* at 338, 461 A.2d at 125. As we noted in *McLaughlin*, the typical defendant in such a case "is someone who has a duty of custodial care, is in a position to know about suicide potential, and fails to take measures to prevent suicide from occurring." *Id.* (quotation omitted).

The Restatement (Second) of Torts recognizes a special relationship between jailers and their prisoners that gives rise to a duty on the part of a jailer to aid or protect a prisoner in certain circumstances. Section 314A of the Restatement states that "[o]ne who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of . . . normal opportunities for protection" is under a duty to protect that person against unreasonable risk of physical harm and administer first aid if that person is ill or injured. RESTATEMENT (SECOND) OF TORTS § 314A, at 118 (1965). By virtue of their incarceration, prisoners are unable to procure for themselves the essentials of life, such as food

and medical care, and are dependent upon their jailers for all forms of assistance. *See id.* § 314A illus. 6, at 121.

We recognize that a jailer's responsibility to a prisoner includes a duty to prevent the prisoner's own suicide. *See Kanayurak v. North Slope Borough*, 677 P.2d 893, 897 (Alaska 1984); *Dezort v. Village of Hinsdale*, 35 Ill. App. 3d 703, 710, 342 N.E.2d 468, 473 (1976). To recognize this duty, however, is not to say that a jailer may be liable in all cases for damages resulting from a prisoner's suicide attempt. In assessing legal responsibility for a prisoner's injuries, we must start from the premise that a prisoner's suicide attempt is a deliberate and intentional act and the direct cause of any injuries sustained. The essential question in determining a jailer's potential for liability is whether the jailer's failure to prevent a suicide attempt may be an equal or greater cause of the prisoner's injuries than the prisoner's conduct in attempting to intentionally harm himself or herself. We hold that such a situation may arise only when a prisoner's injuries are proximately caused by a jailer's reckless disregard for the prisoner's safety. A jailer's conduct in failing to prevent a suicide attempt will amount to recklessness only when the jailer knows that a prisoner is likely to attempt suicide, or has knowledge of facts that would lead a reasonable person to so believe, and fails to take reasonable measures to prevent such an attempt. Unless the jailer has actual knowledge of facts indicating that the prisoner is likely to commit suicide, the prisoner's intentional, intervening act will preclude a finding that the jailer's breach of duty is the proximate cause of the prisoner's harm.

In evaluating whether the plaintiff's allegations in this case state a cause of action, we will assume the truth of the factual allegations and all reasonable inferences therefrom. *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985). In addition to alleging that the defendant had a duty to prevent the plaintiff's suicide attempt, and that a breach of this duty was the proximate cause of the plaintiff's injuries, the plaintiff has alleged that the defendant actually knew that the plaintiff presented a substantial risk of suicide and failed to take reasonable steps to prevent it. We therefore hold that to the extent the plaintiff's amended declaration alleges actual knowledge, and presents sufficient allegations of fact to support its claim, it states a cause of action under New Hampshire law.

*Remanded.*

All concurred.