[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE(#128 and (#136)
The plaintiff, Gordon Semerad, Administrator of the estate of Laurie Semerad, filed a five-count second revised complaint on October 23, 1996, against defendants Joseph Scavetta, M.D., Silver Hill Hospital, Inc., William Kenny, M.D., Greenwich Hospital Association, and Warren Steinberg, M.D. The complaint alleges negligence and vicarious liability in connection with the suicide by medication overdose of Laurie Semerad. The defendants William Kenny, M.D., and the Greenwich Hospital Association, who treated Laurie Semerad on an out-patient basis immediately prior to her suicide, filed a motion to strike (#128) the fourth and fifth counts on November 13, 1995 on the ground that such counts fail to state a legally sufficient cause of action. The defendants Joseph F. Scavetta, M.D. and Silver Hill Hospital, where Laurie Semerad had been hospitalized a month prior to her suicide, filed a motion to strike (#136) counts one and two on December 5, 1995 alleging that the counts fail to state a legally sufficient cause of action. The plaintiff filed an objection to both motions, and defendants Scavetta and Silver Hill Hospital filed a reply to the plaintiff's objection.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a CT Page 1598-Q motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the compliant most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the compliant alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The defendants William Kenny and the Greenwich Hospital Association argue that in cases in which a plaintiff attempts to hold a defendant civilly liable for causing the suicide of CT Page 1599 another, the courts have held that as a matter of law, suicide is an independent intervening cause. The exception to that rule recognizes a cause of action where the defendant had a duty to prevent the suicide, which arises out of a special relationship.McLaughlin v. Sullivan, 623 A.2d 755 (N.H. 1983); Murdock v.City of Keene, 623 A.2d 755 (N.H. 1993). The plaintiff argues that he is alleging medical malpractice, he has stated a cause of action in malpractice, and Connecticut courts have not adopted the above rule.
A medical malpractice action requires the plaintiff to allege that the defendant's treatment and care fell short of the required standard of care and that the breach proximately caused the plaintiff's injury. Campbell v. Pommier, 5 Conn. App. 29, 32,496 A.2d 975 (1985). The standard of care must be proven by expert testimony. In Vinchiarello v. Kathuria, 18 Conn. App. 377,588 A.2d 262 (1989), the plaintiff/administratrix brought a cause of action to recover damages for medical malpractice against the treating psychiatrist and hospital in connection with a suicide by an overdose of medication. While the verdict and judgment for the defendant was upheld because the plaintiff did not present medical expert testimony to establish a causal relationship between the suicide and the alleged failure of the defendant doctors, and did not establish proximate cause, the court allowed the plaintiff to bring the action. The other Connecticut cases cited by the defendants establish that a hospitalized patient is entitled to such reasonable care and attention as the patient's mental and physical condition requires. Hawthorne v. Blythewood,Inc., 118 Conn. 617 (1934); Edwards v. Grace Hospital,130 Conn. 568, 36 A.2d 273 (1944) (holding that there was no reasonable basis for jury to find "corporate neglect" for failing to provide adequate care, supervision and oversight of decedent who leapt from a hospital window several days after surgery); Speer v.State, 4 Conn. App. 535, 495 A.2d 733 (1985) (holding state liable when decedent fell or jumped from an eighth floor window while in a detoxification center. "[T]he single most important factor in determining whether a health care facility is negligent in failing to prevent a suicide is whether its agents knew or should have known or foreseen that the patient was suicidal.")
There are no cases in Connecticut which find that there must be a special relationship to hold a health care facility responsible for medical malpractice in the death of a patient. Connecticut has permitted such actions to go forward, leaving the plaintiff to its proof in causation and proximate causation. CT Page 1600
Scavetta and Silver Hill argue that they do not owe a duty to the plaintiff because she was no longer a patient of Dr. Scavetta's and was not under his nor Silver Hill Hospital's medical care and supervision. Ending a patient-client relationship does not thereby discharge medical professionals from liability for actions taken during the relationship. SeeShelnitz v. Greenberg, 200 Conn. 58, 509 A.2d 1023 (1986). The compliant alleges medical malpractice in that, among other things, the defendants prematurely discharged Laurie Semerad, failed to develop an adequate discharge plan, failed to properly assess, evaluate, and treat her condition, and failed to exercise reasonable and proper skill and care in their treatment, and such actions caused the sickness, suffering, pain and wrongful death of the decedent. The plaintiff has stated a cause of action in medical malpractice.
At oral argument the defendant argued that the medical care rendered by the other defendants was a superseding, intervening cause.[1] The defendant may not go outside of the compliant in making his argument. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 214-15. Furthermore, "the question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue. . . . It becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion." Stewart v.Federated Dept. Stores, Inc., supra, 234 Conn. 611. The complaint, standing alone, sufficiently alleges a medical malpractice action. Nothing in the complaint demonstrates that the risk was not within the scope of harm, or that the other defendants acted intentionally. The complaint alleges that the other defendants were likewise negligent in the care that they provided, causing the death. Thus, the standard set forth in the Restatement (Second), Torts has not been met.
Accordingly, the motion to strike #128 and #136 are denied.
KARAZIN, J.